IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MY JOB MATCHER, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11280 (___)<br><br>(Joint Administration Requested) |

### DEBTORS' APPLICATION FOR APPOINTMENT OF STRETTO, INC. AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), hereby submit this application (this "**Application**"), under section 156(c) of title 28 of the United States Code, section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 2002-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as Exhibit A, appointing Stretto, Inc. ("**Stretto**") as claims and noticing agent ("**Claims and Noticing Agent**") in these chapter 11 cases (the "**Chapter 11 Cases**"), effective as of the Petition Date (as defined below). In support of this Application, the Debtors submit the *Declaration of Robert J. Corliss in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference,[2] and the Declaration of Sheryl Betance (the "**Betance Declaration**"), attached

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163). For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

17406112

hereto as <u>Exhibit B</u>.  In further support of this Application, the Debtors respectfully state as follows:

## Jurisdiction

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012 (the "**Amended Standing Order**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are section 156(c) of title 28 of the United States Code, section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(e) and the Court's *Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c)* (the "**Claims Agent Protocol**").

## Relief Requested

2. By this Application, the Debtors seek entry of an order, effective as of the Petition Date, appointing Stretto as the Claims and Noticing Agent for the Debtors, with Stretto assuming full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in the Chapter 11 Cases.

3. By separate application, the Debtors intend to seek authorization to retain and employ Stretto as administrative agent in the Chapter 11 Cases under section 327(a) of the Bankruptcy Code, as the administration of the Chapter 11 Cases will require Stretto to perform duties outside the scope of 28 U.S.C. § 156(c).

**Background of the Debtors**

4.      On the date hereof (the "**Petition Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

5.      Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the First Day Declaration.

**Basis for Relief**

6.      Section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of bankruptcy courts, and authorizes the Court to use "facilities" or "services" other than the Office of the Clerk of the Bankruptcy Court (the "**Clerk**") for administration of bankruptcy cases, provides as follows:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States.  The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.[3]

7.      Additionally, Local Rule 2002-1(e) provides that "[a] chapter 11 debtor with more than 200 parties identified in the list filed under Local Rule 1007-2(a) must file [a] motion [to retain a claims and noticing agent] with its petition or within 7 days thereafter, unless the Court orders otherwise."  The Debtors have listed more than 200 creditors or parties in interest on the

---

[3]    28 U.S.C. § 156(c).

3

17406112

creditor matrix. In view of the number of anticipated claimants, the Debtors submit that the appointment of a claims and noticing agent is required by Local Rule 2002-1(e) and is otherwise in the best interests of the Debtors' estates and their creditors.

8. The Court also has promulgated the Claims Agent Protocol "[t]o ensure the use of a competitive process in the selection of claims and noticing agents in instances where the Court has authorized such use under 28 U.S.C. § 156(c)." In compliance with the Claims Agent Protocol, the Debtors obtained and reviewed engagement proposals from three notice and claims agents, including Stretto, to ensure a competitive process. Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Stretto's rates are competitive and reasonable, given Stretto's quality of services and expertise. The terms of Stretto's retention are set forth in the Engagement Agreement attached as Exhibit 1 to the Proposed Order (the "**Engagement Agreement**"); however, the Debtors are seeking approval solely of the terms and provisions as set forth in this Application and the Proposed Order attached hereto.

### Stretto's Qualifications

9. Stretto is a chapter 11 administrator composed of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide. Stretto has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in

interest. The Debtors understand that Stretto's active and former cases include: <u>In re Millennial Benefit Mgmt. Corp.</u>, Case No. 23-12083 (TMH) (Bankr. D. Del. Jan. 4, 2024); <u>In re Potrero Med., Inc.</u>, Case No. 23-11900 (LSS) (Bankr. D. Del. Nov. 28, 2023); <u>In re Smart Earth Techs. LLC</u>, Case No. 23-11866 (KBO) (Bankr. D. Del. Nov. 16, 2023); <u>In re Water Gremlin Co.</u>, Case No. 23-11775 (LSS) (Bankr. D. Del. Nov. 1, 2023); <u>In re Unconditional Love Inc.</u>, Case No. 23-11759 (MFW) (Bankr. D. Del. Oct. 24, 2023); <u>In re MVK FarmCo LLC</u>, Case No. 23-11721 (LSS) (Bankr. D. Del. Oct 17, 2023); <u>In re IronNet, Inc.</u>, Case No. 23-11710 (BLS) (Bankr. D. Del. Oct. 13, 2023); <u>In re High Valley Invs., LLC</u>, Case No. 23-11616 (TMH) (Bankr. D. Del. Oct. 4, 2023); <u>In re Infinity Pharms., Inc.</u>, Case No. 23-11640 (BLS) (Bankr. D. Del. Oct. 2, 2023); <u>In re Off Lease Only LLC</u>, Case No. 23-11388 (CTG) (Bankr. D. Del. Sept. 15, 2023); and <u>In re Prime Core Techs. Inc.</u>, Case No. 23-11161 (JKS) (Bankr. D. Del. Aug. 29, 2023).

10. By appointing Stretto as the Claims and Noticing Agent in these Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the Clerk will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

## **Services to be Provided**

11. This Application pertains only to the work to be performed by Stretto under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(e). Any work to be performed by Stretto outside of this scope is not covered by this Application or by any order granting approval hereof. Specifically, Stretto will perform the following services (collectively, the "**Services**"), as the Claims and Noticing Agent, as well as all quality control relating thereto:

    (a) prepare and serve required notices and documents in the Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors or the Court, including (i) notice of the commencement of the Chapter 11 Cases and, if required, the initial meeting of

5

creditors under section 341(a) of the Bankruptcy Code; (ii) notice of any claims bar date; (iii) notices of transfers of claims; (iv) notices of objections to claims and objections to transfers of claims; (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans, including under Bankruptcy Rule 3017(d); (vi) notice of the effective date of any plan; and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or the Court may deem necessary or appropriate for an orderly administration of the Chapter 11 Cases;

(b) maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**"), listing the Debtors' known creditors and the amounts owed thereto;

(c) maintain (i) a list of all potential creditors, equity holders and other parties in interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010, and update and make such lists available upon request by a party-in-interest or the Clerk;

(d) furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify potential creditors of the existence, amount, and classification of their respective claims as set forth in any Schedules, which may be effected by inclusion of such information (or the lack thereof, if the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e) maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f) maintain an electronic platform for purposes of filing proofs of claim;

(g) for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service that includes: (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served; (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses; (iii) the manner of service; and (iv) the date served;

(h) process all proofs of claim received, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

(i) maintain the official claims register for each Debtor (collectively, the "**Claims Registers**") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned; (ii) the date received; (iii) the name and address of the

claimant and agent, if applicable, who filed the claim; (iv) the amount asserted; (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.); (vi) the applicable Debtor; and (vii) any disposition of the claim;

(j) provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

(k) implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims through the claims agent's case website, but protecting from public access any information protected by Court order or Local Rule 9037-1;

(l) record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(m) relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Stretto, not less than weekly;

(n) upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

(o) monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(p) identify and correct any incomplete or incorrect addresses in any mailing or service lists (to the extent such information is available);

(q) assist in the dissemination of information to the public and respond to requests for administrative information regarding these Chapter 11 Cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(r) thirty (30) days prior to the close of these Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Stretto as claims and noticing agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these Chapter 11 Cases;

(s) within fourteen (14) days after entry of an order dismissing a case or within twenty-eight (28) days after entry of a final decree, forward to the Clerk an electronic version of all proofs of claim, upload the creditor matrix into CM/ECF, and docket a final claims register;

(t) within fourteen (14) days after the earlier of entry of an order (a) converting the case or (b) terminating the services of the claims agent, (i) forward to the Clerk

        an electronic version of all proofs of claim, (ii) upload the publicly available portions of the creditor matrix into CM/ECF, (iii) forward to the Clerk the sealed portions of the creditor matrix in the format requested by the Clerk, and (iv) docket a final claims register; and

    (u)    At the close of these Chapter 11 Cases, comply with all applicable laws and procedures for disposing and/or archiving of claims and related documents.

12.    The Claims Register shall be open to the public for examination without charge during regular business and on a case-specific website maintained by Stretto.

## Professional Compensation

13.    The Debtors respectfully request that the undisputed fees and expenses incurred by Stretto in the performance of the above Services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court. Stretto agrees to maintain records of all Services showing dates, categories of Services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtors, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

14.    Prior to the Petition Date, the Debtors provided Stretto an advance in the amount of $10,000. Stretto seeks to first apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to hold the advance under the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

15.     Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Stretto and its members, officers, employees, representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Stretto's bad faith, gross negligence, or willful misconduct or as otherwise provided in the Engagement Agreement or Proposed Order.  The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in these Chapter 11 Cases.

**Disinterestedness**

16.     Although the Debtors do not propose to employ Stretto under section 327 of the Bankruptcy Code pursuant to this Application (and such retention will be sought by separate application), Stretto has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Betance Declaration, Stretto has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

17.     Moreover, in connection with its retention as Claims and Noticing Agent, Stretto represents in the Betance Declaration, among other things, that:

(a)     Stretto is not a creditor of the Debtors;

(b)     Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

(c)     by accepting employment in these Chapter 11 Cases, Stretto waives any rights to receive compensation from the United States government in connection with these Chapter 11 Cases;

(d)     in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases, Stretto will not be an agent of the United States and will not act on behalf of the United States;

(e)   Stretto will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these Chapter 11 Cases;

(f)   Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

(g)   in its capacity as Claims and Noticing Agent in these Chapter 11 Cases, Stretto will not intentionally misrepresent any fact to any person;

(h)   Stretto shall be under the supervision and control of the Clerk with respect to the receipt and recordation of claims and claim transfers;

(i)   Stretto will comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j)   none of the services provided by Stretto as Claims and Noticing Agent in these Chapter 11 Cases shall be at the expense of the Clerk.

18.   Stretto will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## Compliance with Claims and Noticing Agent Protocol

19.   This Application complies with the Claims Agent Protocol and substantially conforms to the standard application, pursuant to 28 U.S.C. § 156(c), regularly filed with and granted by the Court.   If there is any inconsistency between this Application, the order granting relief in the application, and the Engagement Agreement, the order granting relief in the application shall govern.

## Request for Bankruptcy Rule 6004 Waivers

20.   The Debtors request a waiver of any applicable notice requirements under Bankruptcy Rule 6004(a) and any stay of the order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h).   As explained above and in the First Day Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors' sale process and to preserve and maximize the value of the Debtors' estates for all stakeholders.   Accordingly,

17406112

ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

**Notice**

21. Notice of this Application will be provided to: (i) the U.S. Trustee; (ii) the Debtors' twenty (20) largest unsecured creditors; (iii) counsel to the Debtors' Secured Lenders; (iv) the office of the attorney general for each of the states in which the Debtors operate; (v) the Office of the United States Attorney for the District of Delaware; (vi) the Internal Revenue Service; (vii) the United States Department of Justice; and (viii) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| Dated: July 6, 2025<br>Wilmington, Delaware | **MORRIS JAMES LLP**<br><br>*/s/ Carl N. Kunz, III*<br>Carl N. Kunz, III (DE Bar No. 3201)<br>Jeffrey R. Waxman (DE Bar No. 4159)<br>Christopher M. Donnelly (DE Bar No. 7149)<br>Samantha L. Rodriguez (DE Bar No. 7524)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail:  ckunz@morrisjames.com<br>         jwaxman@morrisjames.com<br>         cdonnelly@morrisjames.com<br>         srodriguez@morrisjames.com<br><br>*Proposed Counsel for Debtors and Debtors-in-Possession* |

17406112