# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*,[1] | Case No. 25-11280 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REDACT PERSONALLY IDENTIFIABLE INFORMATION FOR CERTAIN INDIVIDUAL CREDITORS AND PARTIES IN INTEREST; AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, hereby file this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"), (i) authorizing the Debtors to redact certain personally identifiable information in pleadings filed in the Chapter 11 Cases, including the Debtors' (a) list of creditors (the "**Creditor Matrix**") and (b) the Debtors' schedules of assets and liabilities and statements of financial affairs (the "**Schedules and Statements**"); and (ii) granting related relief.  In further support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Robert J. Corliss in Support of the Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**").[2]  In further support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163).  For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the First Day Declaration.

17416820

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), rules 2002, 9007, and 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

**BACKGROUND**

2.  On the date hereof (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed in these Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

3.  Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the First Day Declaration.

**RELIEF REQUESTED**

4.  By this Motion, the Debtors request entry of the Proposed Order (i) authorizing the Debtors to redact certain personally identifiable information in pleadings filed in the

Chapter 11 Cases, including the Debtors' (a) Creditor Matrix and (b) the Schedules and Statements; and (ii) granting related relief.

## BASIS FOR RELIEF

5. The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed with the Court in the chapter 11 cases—including, but not limited to, the Creditor Matrix and the Schedules and Statements—the home and email addresses (if applicable) of individuals, including, but not limited to, the Debtors' current and former employees, customers, and vendors (the "**Personal Identification Information**") because such information could be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or others who have taken steps to conceal their whereabouts.[3]

6. Section 107(c)(1) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A)   Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B)   Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1)(A)-(B).

7. If a debtor can show that disclosure of any "means of identification," or some "other information," creates "undue risk of identity theft or other unlawful injury," courts may intervene

---

[3] This risk is not merely speculative as there have been examples in the past where non-interested parties have utilized the publicly available information in bankruptcy cases to track down, stalk, or otherwise contact individuals involved in bankruptcy cases. In at least one chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at the employee's address, which had not been publicly available until then, forcing the employee to change addresses for safety reasons. This incident is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [Docket No. 4].

to curtail disclosure of that information.  *Id.*  Although the public has a common law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information.  *See* 11 U.S.C. § 107(c); *see also Cendant Corp.*, 260 F.3d at 194 (noting the public's right of access "is not absolute")(citation and internal quotation marks omitted); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right…is not absolute.")(citation and internal quotation marks omitted).

8. Here, the personal mailing and email addresses of individuals identified in the chapter 11 cases, including the Debtors' individual creditors and employees, fit squarely within section 1028(d)(7)(A) of title 18 of the United States Code and disclosure of such information would create an undue risk of identity theft contemplated by section 107(c) of the Bankruptcy Code and would potentially cause other types of unlawful injury to these individuals, including potential future harassment from the Debtors' creditors.

9. Courts in this District have expounded on the importance of authorizing debtors to redact personally identifiable information, including home addresses in particular.  In *Art Van Furniture*, in overruling the objection of the Office of the United States Trustee for the District of Delaware to similar relief proposed here, the court noted that the proposed redaction was not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 10 2020).  The court concluded that "at this point and given the risks associated with having any kind of private information out on the

internet, [redaction] has really become routine [and] I think obvious relief." *Id.* at 25:13–16. Similarly, in *In re Clover Techs. Grp.*, the court overruled the U.S. Trustee's objection, noting that:

> [t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website . . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses.

Hr'g Tr. at 24:21–25, 25:9–10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [Docket No. 146] (authorizing the debtors to redact personal identification information, including home address information, of all individuals on documents filed with the court).

10. Likewise, in *Forever 21*, in overruling the U.S. Trustee's objection, this Court found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [Docket No. 605]; *see also In re Enjoy Tech. Inc.*, Case No. 22-10580 (JKS) (Bankr. D. Del. July 1, 2022) (authorizing the debtors to file under seal the portions of the creditor matrix, the schedules and statements, and any related affidavits of service containing the home addresses of the debtors' current employees).

11. The Debtors propose to provide, on a confidential basis, an unredacted version of the Creditor Matrix, the Schedules and Statements, and any other redacted, applicable filings to the Court, the U.S. Trustee, and counsel to any official committee appointed in the chapter 11 cases.

12. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact from papers filed in the chapter 11 cases, including the Creditor Matrix and the Schedules and Statements, as applicable, the Personal Identification Information of individuals, including, but not limited to, the Debtors' customers, vendors, and employees, because such information could be used to perpetrate identity theft or stalking.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)(ii)

13. Under the circumstances, and given the nature of the relief requested herein, the Debtors have not been able to confer with the individuals whose information is requested to be sealed, and accordingly, the Debtors submit that there is cause to excuse the Debtors from the meet and confer obligations under Local Rule 9018-1(d)(ii).

## NOTICE

14. Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) the Debtors' twenty (20) largest unsecured creditors; and (iii) counsel to the Debtors' Secured Lenders. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

|  |  |
|---|---|
| Dated: July 6, 2025<br>Wilmington, Delaware | **MORRIS JAMES LLP**<br><br>*/s/ Carl N. Kunz, III*<br>Carl N. Kunz, III (DE Bar No. 3201)<br>Jeffrey R. Waxman (DE Bar No. 4159)<br>Christopher M. Donnelly (DE Bar No. 7149)<br>Samantha L. Rodriguez (DE Bar No. 7524)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail:  ckunz@morrisjames.com<br>       jwaxman@morrisjames.com<br>       cdonnelly@morrisjames.com<br>       srodriguez@morrisjames.com<br><br>*Proposed Counsel for Debtors and Debtors-in-Possession* |

17416820