**<u>EXHIBIT A</u>**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*,[1] | Case No. 25-11280 (___) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. _____** |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 345, 363, 1107(a), AND 1108 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2015, AND LOCAL RULE 2015-1, (A) AUTHORIZING AND APPROVING CONTINUED USE OF PREPETITION BANK ACCOUNTS, (B) AUTHORIZING USE OF PREPETITION BANK ACCOUNTS AND BUSINESS FORMS, (C) TEMPORARILY SUSPENDING THE REQUIREMENTS OF SECTION 345(b) ON AN INTERIM BASIS, (D) APPROVING, UPON ENTRY OF A FINAL ORDER, THE DEBTORS' USE OF CERTAIN GARNISHED FUNDS, AND (E) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders, pursuant to sections 105(a), 345, 363, 1107(a), and 1108 of the Bankruptcy Code, Bankruptcy Rule 2015, and Local Rule 2015-1, (a) authorizing and approving the Debtors' continued use of the Current Bank Account, and until the Former Bank Accounts are closed, the Former Bank Accounts, (b) granting the Debtors a waiver of the U.S. Trustee Guidelines, (c) temporarily suspending the requirements of section 345(b) of the Bankruptcy Code with respect to the Debtors' deposit practices on an interim basis, (d) authorizing, upon entry of the Final Order, the Debtors' use of the Garnished Funds, and (e)  granting certain related relief; and upon consideration of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163).  For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

First Day Declaration; and due and proper notice of the Motion having been given; and it appearing

that no other or further notice of the Motion is required except as otherwise provided herein; and

it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C.

§§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion

is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the

Motion and provided for herein is in the best interest of the Debtors, their estates, and their

creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY**

**ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      A final hearing on the relief sought in the Motion shall be conducted on

_____, 2025 at _____ (ET) (the "**Final Hearing**").  Any party objecting to

the relief sought at the Final Hearing or the Final Order shall file and serve a written objection,

which objection shall be served upon proposed counsel for the Debtors so as to be received no

later than _____, 2025 at 4:00 p.m. (ET).  If no objections to the entry of the

Final Order are timely filed, this Court may enter the Final Order without further notice or a

hearing.

3.      All objections to the entry of this Interim Order, to the extent not withdrawn or

settled, are overruled.

4.      The Debtors are authorized, in their discretion, to:  (a) designate, maintain, and

continue to use, with the same account numbers, all of their bank accounts in existence on the

Petition Date (collectively, the "**Bank Accounts**"), including, without limitation, those bank

accounts identified in the Motion; (b) use, in their present form, any and all checks and other

documents related to the Bank Accounts; and (c) treat the Bank Accounts for all purposes as

accounts of the Debtors as debtors-in-possession and to maintain and continue using these accounts in the same manner and with the same account numbers, styles, and document forms as used prior to the Petition Date.

5.      The Cash Management Banks participating in the Cash Management System are hereby authorized to continue to service and administer all of the Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the ordinary course in a manner consistent with any agreements between the Cash Management Banks and the Debtors that existed prior to the Petition Date, and to receive, process, honor, and pay any and all checks, drafts, wires, or other electronic transfer requests issued, payable through, or drawn on, such Bank Accounts after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; *provided, however*, that any such checks, drafts, wires, or other electronic transfer requests issued by the Debtors before the Petition Date may be honored by any Cash Management Bank only if specifically authorized by order of this Court, *provided, further*, that the Debtors shall use the Garnished Funds only upon entry of the Final Order approving the use of such funds.

6.      Except for those that comply with an order of this Court authorizing payment of certain prepetition claims, no checks, drafts, wires, or other electronic transfer requests drawn, issued, or requested on the Bank Accounts before the Petition Date, but presented for payment after the Petition Date, shall be honored or paid.

7.      The operation of the Cash Management System in accordance with the Debtors' normal and customary practice is adequate and sufficient and may be continued on and after the Petition Date.

8.      The Cash Management Banks participating in the Cash Management System shall not be liable to the Debtors or to their estates and shall not be deemed to be in violation of this

Interim Order for honoring a prepetition check or other item drawn on any account that is the subject of this Interim Order:  (a) at the direction of the Debtors; (b) in a good faith belief that this Court has authorized such prepetition check or item to be honored; or (c) as a result of an innocent mistake made despite implementation of reasonable item handling procedures.

9.      The Debtors are authorized to continue to use all of their correspondence and business forms (including, without limitation, checks, invoices, letterhead, stationery, and purchase orders) existing immediately before the Petition Date without reference to the Debtors' status as debtors-in-possession; *provided, however*, that upon the depletion of any pre-printed check stock and other business forms, the Debtors will obtain new check stock and business forms reflecting their status as debtors-in-possession; *provided further, however*, that, with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing "Debtor-in-Possession" or "DIP" and the jointly administered case number for these chapter 11 cases on such items within ten (10) days of the date of the entry of this Interim Order.

10.     The Debtors are authorized to open any new bank accounts and close any of the Bank Accounts as the Debtors may deem necessary and appropriate; *provided, however*, that prior to opening any new bank accounts or closing any of the Bank Accounts, the Debtors give notice within five (5) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in these chapter 11 cases; *provided, further, however*, that the Debtors shall only open any such new bank account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

11.     Upon service of this Interim Order on the applicable bank, the relief granted herein is extended to any new bank accounts opened by the Debtors after the date hereof in accordance with this Interim Order, and any such new accounts shall be deemed a Bank Account for purposes

of this Interim Order, and any banks at which any such new accounts are opened shall be deemed a Cash Management Bank, and a part of the Cash Management System, for purposes of this Interim Order.

12.    With regard to the Cash Management Banks that are party to an UDA with the U.S. Trustee, within fifteen (15) days of the date of the entry of this Interim Order, the Debtors shall (a) contact each bank, (b) provide each bank with each of the Debtors' employer identification numbers, and (c) identify each of their Bank Accounts held at such banks as being held by a debtor-in-possession.

13.    With regard to the Cash Management Banks that are not a party to an UDA with the U.S. Trustee, if any, within thirty (30) days of the date of the entry of this Interim Order, the Debtors shall use their good-faith efforts to cause the bank to execute an UDA in a form prescribed by the U.S. Trustee.  The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute an UDA in a form prescribed by the U.S. Trustee are fully reserved.

14.    The Debtors shall maintain accurate and detailed records of all transfers so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

15.    The requirements of section 345(b) of the Bankruptcy Code are suspended on an interim basis for a period of thirty (30) days from the entry of this Interim Order, such that the Debtors are hereby permitted to maintain their deposits in their Bank Accounts in accordance with their existing deposit practices.  This Interim Order shall be without prejudice to the Debtors' rights to seek further relief from this Court with respect to such requirements or to seek approval from this Court to deviate from such requirements on a final basis.

16.     The Debtors are authorized, but not directed, to pay, honor, or satisfy any reasonable bank fees or charges associated with the Bank Accounts in the ordinary course and consistent with past practice.

17.     Within five (5) business days of the date of the entry of this Interim Order, the Debtors shall (a) serve a copy of this Interim Order on each Cash Management Bank and (b) request that each Cash Management Bank internally code each of the Bank Accounts as "debtor-in-possession" accounts.

18.     Notwithstanding the Debtors' authorized use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each particular Debtor, regardless of which Debtor remits payment for those disbursements.

19.     Nothing in this Interim Order:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay any claim.

20.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

21.     The requirements of Bankruptcy Rule 6003(b) are satisfied.

22.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

17409598

6

23.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

24.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.