# EXHIBIT B

**Proposed Final Order**

17409598

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*,[1] | Case No. 25-11280 (___) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. ___ & ___** |

**FINAL ORDER, PURSUANT TO SECTIONS 105(a), 345, 363, 1107(a), AND
1108 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2015, AND LOCAL
RULE 2015-1, (A) AUTHORIZING AND APPROVING CONTINUED USE OF
PREPETITION BANK ACCOUNTS, (B) AUTHORIZING USE OF PREPETITION
BANK ACCOUNTS AND BUSINESS FORMS, (C) TEMPORARILY SUSPENDING THE
REQUIREMENTS OF SECTION 345(b) ON AN INTERIM BASIS,
(D) APPROVING, THE DEBTORS' USE OF CERTAIN GARNISHED
FUNDS, AND (E) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders, pursuant to sections 105(a), 345, 363, 1107(a), and 1108 of the Bankruptcy Code, Bankruptcy Rule 2015, and Local Rule 2015-1, (a) authorizing and approving the Debtors' continued use of the Current Bank Account, and until the Former Bank Accounts are closed, the Former Bank Accounts, (b) granting the Debtors a waiver of the U.S. Trustee Guidelines, (c) waiving the requirements of section 345(b) of the Bankruptcy Code with respect to the Debtors' deposit practices on an interim basis, (d) authorizing, upon entry of the Final Order, the Debtors' use of the Garnished Funds, and (e) granting certain related relief; and upon consideration of the First

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163).  For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

17409598

Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, in their discretion, to: (a) designate, maintain, and continue to use, with the same account numbers, all of their bank accounts in existence on the Petition Date (collectively, the "**Bank Accounts**"), including, without limitation, those bank accounts identified in the Motion; (b) use, in their present form, any and all checks and other documents related to the Bank Accounts; and (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession and to maintain and continue using these accounts in the same manner and with the same account numbers, styles, and document forms as used prior to the Petition Date.

4. The Cash Management Banks participating in the Cash Management System are hereby authorized to continue to service and administer all of the Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the ordinary course in a manner consistent with any agreements between the Cash Management Banks and the Debtors that existed

prior to the Petition Date, and to receive, process, honor, and pay any and all checks, drafts, wires, or other electronic transfer requests issued, payable through, or drawn on, such Bank Accounts after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; *provided, however*, that any such checks, drafts, wires, or other electronic transfer requests issued by the Debtors before the Petition Date may be honored by any Cash Management Bank only if specifically authorized by order of this Court.

5. Except for those that comply with an order of this Court authorizing payment of certain prepetition claims, no checks, drafts, wires, or other electronic transfer requests drawn, issued, or requested on the Bank Accounts before the Petition Date, but presented for payment after the Petition Date, shall be honored or paid.

6. The operation of the Cash Management System in accordance with the Debtors' normal and customary practice is adequate and sufficient and may be continued on and after the Petition Date.

7. Notwithstanding any writs of execution or levies related to the Garnished Funds (the "**Writs of Execution**"), the Debtors are authorized, but not directed, to continue to use any and all of the Bank Accounts, including, for the avoidance of doubt, the ability to collect, transfer, and disburse funds from and to any Bank Accounts held by a Cash Management Bank that is in receipt of a Writ of Execution.

8. Notwithstanding the Writs of Execution, the Cash Management Banks are authorized and directed to allow the Debtors, as debtors in possession, to continue to use any and all of the Bank Accounts, including, for the avoidance of doubt, the ability to collect, transfer, and disburse funds, including the Garnished Funds, from and to any Bank Accounts held by a Cash Management Bank that is in receipt of a Writ of Execution.

9. The Cash Management Banks participating in the Cash Management System shall not be liable to the Debtors or to their estates and shall not be deemed to be in violation of this Final Order for honoring a prepetition check or other item drawn on any account that is the subject of this Final Order: (a) at the direction of the Debtors; (b) in a good faith belief that this Court has authorized such prepetition check or item to be honored; or (c) as a result of an innocent mistake made despite implementation of reasonable item handling procedures.

10. The Debtors are authorized to continue to use all of their correspondence and business forms (including, without limitation, checks, invoices, letterhead, stationery, and purchase orders) existing immediately before the Petition Date without reference to the Debtors' status as debtors-in-possession; *provided, however*, that upon the depletion of any pre-printed check stock and other business forms, the Debtors will obtain new check stock and business forms reflecting their status as debtors-in-possession.

11. The Debtors are authorized to open any new bank accounts and close any of the Bank Accounts as the Debtors may deem necessary and appropriate; *provided, however*, that prior to opening any new bank accounts or closing any of the Bank Accounts, the Debtors give notice within five (5) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in these chapter 11 cases; *provided, further, however*, that the Debtors shall open any such new bank account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement

12. Upon service of this Final Order on the applicable bank, the relief granted herein is extended to any new bank accounts opened by the Debtors after the date hereof in accordance with this Final Order, and any such new accounts shall be deemed a Bank Account for purposes of this

Final Order, and any banks at which any such new accounts are opened shall be deemed a Cash Management Bank, and a part of the Cash Management System, for purposes of this Final Order.

13. The Debtors are authorized, but not directed, to pay, honor, or satisfy any reasonable bank fees or charges associated with the Bank Accounts in the ordinary course and consistent with past practice.

14. The Debtors shall maintain accurate and detailed records of all transfers so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and postpetition transactions.

15. Notwithstanding the Debtors' authorized use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each particular Debtor, regardless of which Debtor remits payment for those disbursements.

16. Nothing in this Final Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

17. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

18. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

19.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.