**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*,[1] | Case No. 25-11280 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS, PURSUANT
TO SECTIONS 105(a), 363(b), 507(a)(8), 541, 1107(a), AND 1108 OF THE
BANKRUPTCY CODE, (A) AUTHORIZING THE DEBTORS TO PAY
CERTAIN PREPETITION TAXES AND FEES AND RELATED
OBLIGATIONS, (B) AUTHORIZING BANKS TO HONOR AND PROCESS
CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED
THERETO, AND (C) SCHEDULING A FINAL HEARING**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**")

hereby submit this motion (this "**Motion**") for the entry of interim and final orders, substantially

in the form attached hereto as Exhibit A (the "**Proposed Interim Order**") and Exhibit B (the

"**Proposed Final Order**," and together with the Proposed Interim Order, the "**Proposed Orders**"),

pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of title 11 of the United States

Code,        11        U.S.C.        §§ 101        *et        seq.*        (the        "**Bankruptcy        Code**"),

(a) authorizing, but not directing, the Debtors, in their discretion, to pay certain prepetition taxes and

fees and related obligations that are payable to certain authorities (collectively, the "**Authorities**"),

(b) authorizing banks and other financial institutions (collectively, the "**Banks**") to honor and process

check and electronic transfer requests related to the foregoing, and (c) scheduling a final hearing with

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163).  For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

17413997

respect to the foregoing.   In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Robert J. Corliss in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[2] filed contemporaneously herewith.   In further support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.       The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**").   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.   Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory and legal predicates for the relief sought herein are sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

**I.       General**

2.       On the date hereof (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.   The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or an examiner.

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

17413997

3.      Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the First Day Declaration.

**II.      Taxes and Fees**

4.      In the ordinary course of business, the Debtors incur or collect and remit a variety of taxes, including, without limitation, (a) sales taxes, (b) use taxes, (c) franchise taxes, (d) corporate income taxes, and (e) certain other miscellaneous taxes (collectively, the "**Taxes**").[3] The Debtors also incur fees for business licenses and permits and various other fees and assessments (collectively, the "**Fees**," and together with the Taxes, the "**Taxes and Fees**"), in connection with the operation of their business. The Debtors remit the Taxes and Fees to the Authorities in accordance with applicable law.

5.      The Debtors estimate that, as of the Petition Date, the total amount of prepetition Taxes and Fees owed to the Authorities does not exceed approximately $60,000 in the aggregate.[4] To the best of the Debtors' knowledge, the Taxes and Fees generally consist of current tax and fee obligations, and are not in respect of catch-up payments, other than any prepetition payments that were interrupted by the commencement of these chapter 11 cases and the events that precipitated their filing.

---

[3]      In addition to the Taxes discussed herein, the Debtors are required by law to withhold and pay certain taxes related to employee payroll obligations.  Any relief requested with respect such taxes is requested in the *Debtors' Motion for Entry of Interim and Final Orders, Pursuant to Sections 105(a), 363(b), 507(a)(4), and 507(a)(5) of the Bankruptcy Code, (A) Authorizing the Debtors to Pay and Honor Certain (I) Prepetition Wages, Benefits, and Other Compensation Obligations; (II) Prepetition Employee Business Expenses; and (III) Workers' Compensation Obligations; (B) Authorizing Banks to Honor and Process Checks and Transfers Related to Such Obligations; and (C) Granting Related Relief*, filed contemporaneously herewith.

[4]      This estimate does not include any potential prepetition liabilities related to the Taxes and Fees that may later come due as the result of an audit or otherwise become due.

17413997

**RELIEF REQUESTED**

6.      By this Motion, the Debtors request that the Court enter the Proposed Orders, (a) authorizing, but not directing, the Debtors, in their discretion, to pay the Taxes and Fees owing on account of periods prior to the Petition Date, up to the $54,000 cap provided for in the Proposed Interim Order, and up to the $60,000 cap provided for in the Proposed Final Order, (b) authorizing the Banks to honor and process check and electronic transfer requests related thereto, and (c) scheduling a final hearing with respect to the foregoing.

**BASIS FOR RELIEF**

**I.      The Court Should Authorize, But Not Direct, the Debtors, in Their Discretion, to Pay the Taxes and Fees**

7.      There are several reasons for granting the relief requested herein. *First*, section 363(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, the trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code empowers a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy courts have invoked the equitable power of section 105 of the Bankruptcy Code to authorize the postpetition payment of prepetition claims where such payment is necessary to preserve the value of a debtor's estate. *See, e.g.*, *Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 20 (Bankr. M. D. Fla. 2005) ("Bankruptcy courts recognize that section 363 is a source for authority to make critical vendor payments, and section 105 is used to fill in the blanks."). Courts have likewise acknowledged that "[u]nder [section] 105, the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989)); *see In re Just for Feet, Inc.*, 242 B.R. 821, 825

17413997

(D. Del. 1999) (citing *In re Penn Central Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (holding that the court is authorized under section 105(a) of the Bankruptcy Code to allow immediate payment of prepetition claims of vendors found to be critical to the debtor's continued operation)).

8.      In a long line of well-established cases, federal courts consistently have permitted postpetition payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See, e.g.*, *Miltenberger v. Logansport, C. & S. W. Ry. Co.*, 106 U.S. 286, 312 (1882) (payment of prereceivership claim permitted to prevent "stoppage of [crucial] business relations"); *In re Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that "if payment of a claim which arose prior to [the commencement of the bankruptcy case] is essential to the continued operation of the . . . [business] during [the bankruptcy case], payment may be authorized even if it is made out of [the] corpus"); *Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir. 1945) (extending doctrine for payment of prepetition claims beyond railroad reorganization cases).

9.      This legal principle—known as the "doctrine of necessity"—functions in chapter 11 cases as a mechanism by which a bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code. *See Just for Feet*, 242 B.R. at 826 (finding that "to invoke the necessity of payment doctrine, a debtor must show that payment of the pre-petition claims is critical to the debtor's [continued operation]."); *In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 939 (Bankr. D. Del. 1992) (recognizing that "[i]f payment of a pre-petition claim is essential to the continued operation of [the debtor], payment may be authorized"); *In re Boston & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are

17413997

indispensably necessary to the debtor's continued operation).  The doctrine is frequently invoked early in a bankruptcy case, particularly in connection with those Bankruptcy Code provisions that relate to payment of pre-petition claims.  In one case, the court indicated its accord with "the principle that a bankruptcy court may exercise its equity powers under section 105(a) to authorize payment of pre-petition claims where such payment is necessary 'to permit the greatest likelihood of . . . payment of creditors in full or at least proportionately.'"  *In re Structurelite Plastics Corp.*, 86 B.R. 922, 931 (Bankr. S. D. Ohio 1988).

10.     The Debtors submit that the timely payment of the Taxes and Fees is critical to the Debtors' ability to preserve and maximize estate value for the benefit of all stakeholders.  Failure to pay these obligations could damage the Debtors' relations with the Authorities, and cause the Authorities to take precipitous action, including conducting audits, filing liens, attempting to revoke licenses and permits, seeking to impose liability against the Debtors and their officers and directors, and, if applicable, seeking to lift the automatic stay, all of which could disrupt the Debtors' chapter 11 efforts and impose significant costs on the Debtors' estates.  Payment of the Taxes and Fees will avoid these potentially burdensome and costly governmental actions, as well as the incurrence of potential penalties and interest if such Taxes and Fees are not timely paid.  Thus, the Debtors submit that granting the relief requested herein will maximize the value of the Debtors' estates and benefit their creditors.

11.     *Second*, authority for satisfying the Taxes and Fees also may be found in sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors, operating their businesses as debtors in possession under sections 1107(a) and 1108, are fiduciaries "holding the bankruptcy estate[s] and operating the business[es] for the benefit of [their] creditors and (if the value justifies) equity owners."  *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).  Implicit in the duties

6

of a chapter 11 debtor in possession is the duty "to protect and preserve the estate, including an operating business's going-concern value." *Id.*

12.     Courts have noted that there are instances in which a debtor in possession can fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id.*  The *CoServ* court specifically noted that preplan satisfaction of prepetition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate," *id.*, and also when the payment was to "sole suppliers of a given product." *Id.* at 498.   The court provided a three-pronged test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*Id.*

13.     Payment of the Taxes and Fees meets each element of the *CoServ* court's standard. Any failure to pay the Taxes and Fees could impair the Debtors' ability to continue their business operations.   Any unexpected or inopportune interruption of the Debtors' operations during the course of these chapter 11 cases could diminish estate value and frustrate the Debtors' chapter 11 efforts.   Therefore, the Debtors can only meet their fiduciary duties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code by payment of the Taxes and Fees in the ordinary course of business.

14.     *Third*, to the extent that the Taxes and Fees are entitled to priority status under section 507(a)(8) of the Bankruptcy Code, they must be paid in full under any chapter 11 plan before any of the Debtors' general unsecured obligations may be satisfied.   As such, to the extent

7

17413997

that they are entitled to priority, the payment of the Taxes and Fees could affect only the timing of the payments to, and not the amounts that would ultimately be received by, the Authorities.

15.     *Fourth*, the Authorities might assert that certain of the Taxes and Fees are so-called "trust fund" taxes that the Debtors are required to collect from third parties and hold in trust for the benefit of the Authorities. To the extent that the Debtors collect the Taxes and Fees on behalf of the Authorities, such Taxes and Fees may not constitute property of the Debtors' bankruptcy estates. *See Begier v. Internal Revenue Service*, 496 U.S. 53, 57-60 (1990); *City of Ferrell v. Sharon Steel Corp.*, 41 F.3d 92, 97 (3d Cir. 1994); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 433 (2d Cir. 1985) (sales taxes are "trust fund" taxes); *Al Copeland Enters., Inc. v. Texas*, 991 F.2d 233 (5th Cir. 1993) (debtor's prepetition collection of sales taxes and interest thereon were held subject to trust and were not property of the estates); *In re Shank*, 792 F.2d 829, 830 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); *In re Tap, Inc.*, 52 B.R. 271, 272 (Bankr. D. Mass. 1985) (withholding taxes are "trust fund" taxes). To the extent that the Taxes and Fees are "trust fund" taxes and the funds representing such Taxes and Fees can be adequately identified and traced, the Debtors would have no equitable interest in such funds and they would not be property of their estates. *See* 11 U.S.C. § 541(d); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987). Accordingly, the Debtors submit that the Court should authorize them to pay any of the Taxes and Fees that constitute trust fund taxes, and, further, that payment of such taxes and fees would not prejudice the rights of any of the Debtors' other creditors or other parties in interest.

16.     *Fifth*, some states hold corporate officers personally liable for unpaid taxes in certain circumstances. *See, e.g.*, JOHN F. OLSEN, ET AL., Director & Officer Liability: Indemnification and Insurance § 3:21 (2003) ("some states hold corporate officers personally

17413997

liable for any sales tax and penalty owed and not paid by the corporation regardless of cause"). To

the extent that any such "trust fund" taxes remain unpaid by the Debtors, their directors and officers

could be subject to lawsuits or criminal prosecution during the pendency of these chapter 11 cases.

Such potential lawsuits would prove extremely disruptive for the Debtors, for the named officers

and directors whose attention to the chapter 11 process is required, and for the Court, as the Court

might be asked to entertain various requests for injunctions with respect to the potential state court

actions against such individuals. Even the possibility of any such lawsuit or criminal prosecution

would distract the Debtors and their directors and officers, and impede their respective efforts in

these chapter 11 cases. Furthermore, the Authorities may audit the Debtors if the Taxes and Fees

are not timely paid. Payment of the Taxes and Fees will therefore avoid a loss of focus on the part

of the Debtors' directors, officers and other employees resulting from the risk of personal liability

and/or audits.

17.    *Finally*, the Debtors submit that relief similar to that requested herein is regularly

approved in chapter 11 cases in this District.

18.    For the foregoing reasons, the Debtors believe that granting the relief requested

herein is appropriate and in the best interests of their estates and creditors.

## II.    The Court Should Authorize the Banks to Honor and Process the Debtors' Payments on Account of the Taxes and Fees

19.    The Debtors also request the Court to authorize the Banks, when requested by the

Debtors, in their discretion, to honor and process checks or electronic fund transfers drawn on the

Debtors' bank accounts to pay prepetition obligations described herein, whether such checks or

other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds

are available in the applicable bank accounts to make such payments. The Debtors further request

17413997

that all of the Banks be authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Motion.

### SATISFACTION OF BANKRUPTCY RULE 6003(b)

20.    Pursuant to Bankruptcy Rule 6003(b), any motion seeking to use property of the estate pursuant to section 363 of the Bankruptcy Code or to satisfy prepetition claims within twenty-one (21) days of the Petition Date requires the Debtors to demonstrate that such relief "is necessary to avoid immediate and irreparable harm." The Debtors believe that, among other things, the success of their chapter 11 efforts will require them to remain in good standing with the Authorities, and that any unanticipated disruption in their business operations, and any distractions caused by attending to any issues related to any failure to pay the Authorities on account of the Taxes and Fees, would substantially diminish or impair the Debtors' efforts to preserve and maximize estate value. Thus, if the relief requested herein is not granted, the Debtors' failure to satisfy the Taxes and Fees would cause the Debtors' estates immediate and irreparable harm by detracting from, and potentially derailing, the Debtors' chapter 11 efforts.

21.    For this reason and those set forth above, the Debtors respectfully submit that Bankruptcy Rule 6003(b) has been satisfied, and the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

### WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

22.    Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As provided herein, and to implement the foregoing successfully, the Debtors request that the Proposed Orders include a

17413997

finding that the Debtors have established cause to exclude such relief from the fourteen (14)-day stay period under Bankruptcy Rule 6004(h).

23.     For this reason and those set forth above, the Debtors submit that ample cause exists to justify a waiver of the fourteen (14)-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable to the Proposed Orders.

## **RESERVATION OF RIGHTS**

24.     Nothing in the Proposed Orders or this Motion:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

## **NOTICE**

25.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware ; (ii) the Debtors' twenty (20) largest unsecured creditors; (iii) counsel to the Debtors' Secured Lenders; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the office of the attorney general for each of the states in which the Debtors operate; (vii) the Office of the United States Attorney for the District of Delaware; (vi) the Banks; (viii) the Authorities; and (ix) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013-1(m) of the of the Local Rules of the United States Bankruptcy Court for the District of Delaware.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

17413997

**CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Orders, granting the relief

requested herein and such other and further relief as is just and proper.


Dated:  July 6, 2025                          **MORRIS JAMES LLP**
        Wilmington, Delaware

                                        */s/ Christopher M. Donnelly*
                                        Carl N. Kunz, III (DE Bar No. 3201)
                                        Jeffrey R. Waxman (DE Bar No. 4159)
                                        Christopher M. Donnelly (DE Bar No. 7149)
                                        Samantha L. Rodriguez (DE Bar No. 7524)
                                        500 Delaware Avenue, Suite 1500
                                        Wilmington, DE 19801
                                        Telephone: (302) 888-6800
                                        Facsimile: (302) 571-1750
                                        E-mail:  ckunz@morrisjames.com
                                                 jwaxman@morrisjames.com
                                                 cdonnelly@morrisjames.com
                                                 srodriguez@morrisjames.com

                                        *Proposed Counsel for Debtors and Debtors-in-Possession*

12

17413997