## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*,[1] | Case No. 25-11280 (___) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) CONFIRMING, RESTATING, AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (i) confirming, restating, and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"); (ii) approving the form and manner of notice related thereto, substantially in the form attached as Exhibit 1 to **Exhibit A** hereto (the "**Notice**"); and (iii) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Robert J. Corliss in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163). For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 105(a), 362, 365, and 525 of the Bankruptcy Code and rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

2.      On the date hereof (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in these chapter 11 cases, and no request has been made for the appointment of a trustee or an examiner.

3.      As described in the First Day Declaration, the Debtors provide traditional staffing services as well as state-of-the-art recruitment technology through their cutting-edge, AI-driven recruitment platform.  In the ordinary course of business, the Debtors transact with certain vendors

17405451

located outside of the United States.  In addition, Debtor My Job Matcher, Inc.'s shareholder is non-Debtor MJM Tech Ltd., which is located in the United Kingdom.

4.      Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the First Day Declaration.

## RELIEF REQUESTED

5.      By this Motion, the Debtors request entry of the Proposed Order, (i) confirming, restating, and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code; (ii) approving the form and manner of notice related thereto, substantially in the form attached as <u>Exhibit 1</u> to **Exhibit A** hereto; and (iii) granting related relief.

## BASIS FOR RELIEF

6.      As a result of the commencement of these chapter 11 cases, and by operation of section 362 of the Bankruptcy Code, the automatic stay enjoins all persons from, among other things, (i) commencing or continuing any judicial, administrative, or other action or proceeding against any of the Debtors that was or could have been initiated before the Petition Date, (ii) recovering a claim against any of the Debtors that arose before the Petition Date, (iii) enforcing a judgment against any of the Debtors or property of their estates that was obtained before the Petition Date, or (iv) taking any action to collect, assess, or recover a claim against any of the Debtors that arose before the Petition Date.  11 U.S.C. § 362.

7.      The injunction contained in section 362 of the Bankruptcy Code is a core protection for debtors, providing them with a "breathing spell" from their creditors, which, in combination with other provisions of the Bankruptcy Code, is essential to a debtor's ability to reorganize

successfully. *See*, *e.g.*, *McCartney v. Integra Nat. Bank North*, 106 F.3d 506, 509 (3d Cir. 1997) (citing *Mar. Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991)); *Borman v. Raymark Indus., Inc.*, 946 F.2d 1031, 1033 (3d Cir. 1991) ("The automatic stay was intended to give the debtor 'a breathing spell from his creditors.'" (internal citation omitted)); *Cuffee v. Atl. Bus. & Cmty. Dev. Corp.* (*In re Atl. Bus. & Cmty. Corp.*), 901 F.2d 325, 327 (3d Cir. 1990) ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws.  It gives the debtor a breathing spell from his creditors." (internal citation omitted)).

8.     Given its fundamental importance to a debtor's reorganization, courts broadly construe the Bankruptcy Code's automatic stay provisions.  *See*, *e.g.*, *In re Fannie Askew*, 312 B.R. 274, 280 (Bankr. D.N.J. 2004) (citing *Mar. Elec. Co.*, 959 F.2d at 1203); *see also In re NextWave Pers. Commc'ns, Inc.*, 244 B.R. 253, 271 (Bankr. S.D.N.Y. Jan. 31, 2000).  As such, the automatic stay has been held to preclude unilateral actions by non-debtor parties to terminate contracts without court order, protecting a debtor's property and contracts wherever located and by whomever held.  *See*, *e.g.*, *Broadstripe, LLC v. Nat'l Cable Tel. Coop., Inc.* (*In re Broadstripe, LLC*), 402 B.R. 646, 659 (Bankr. D. Del. 2009) (holding that the debtor's interest in executory contracts and leases was property of the estate, "protected against termination or other interference that would have the effect of removing or hindering the debtor's rights in violation of" the automatic stay); *Bonneville Power Admin. v. Mirant Corp.* (*In re Mirant*), 440 F.3d 238 (5th Cir. 2006) (holding that the automatic stay prohibited termination of the debtor's contract without further relief); *see also ACandS, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006) ("Section 362(a)(3) . . . applies to actions against third parties as well actions against the debtor.").

9.      Furthermore, section 362 of the Bankruptcy Code applies worldwide.  *See, e.g.*, *In re Soundview Elite, Ltd.*, 503 B.R. 571, 584 (Bankr. S.D.N.Y. 2014) ("U.S. law is clear that immediately upon the filing of the Debtors' chapter 11 petition, the U.S. automatic stay became effective, both in the U.S. and extraterritorially.") (internal citations omitted); *In re Nortel Networks, Inc.*, 669 F.3d 128, 138 (3d Cir. 2011) (upholding the bankruptcy court's decision to enforce the automatic stay extraterritorially); *Secs. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC* (*In re Bernard L. Madoff Inv. Secs. LLC*), 474 B.R. 76 (S.D.N.Y. 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditors' lawsuit); *Hong Kong & Shanghai Banking Corp. v. Simon* (*In re Simon*), 153 F.3d 991, 996 (9th Cir. 1998); *Nakash v. Zur* (*In re Nakash*), 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) (noting that Congress intended the automatic stay to apply extraterritorially).  Furthermore, the Court has authority to fashion appropriate remedies for violations of the automatic stay.  *See, e.g.*, 11 U.S.C. §§ 105(a); 362(k); *see Standard Indus., Inc. v. Aquila, Inc.* (*In re C.W. Mining Co.*), 625 F.3d 1240, 1246 (10th Cir. 2010) (holding that a debtor may pursue remedies regarding a stay violation by contempt motion pursuant to Bankruptcy Rules 9020 and 9014); *see also Buckeye Check Cashing, Inc. v. Meadows* (*In re Meadows*), 396 B.R. 485, 498 (6th Cir. BAP 2008) ("[A]ctions to recover damages for stay violations are generally brought by motion, with attorney fees expressly allowable under § 362(k).").

10.     In addition to the automatic stay, additional provisions of the Bankruptcy Code provide important protections to the Debtors.  Section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to debtor contracts from terminating or modifying such contracts, including rights or obligations thereunder, solely on account of a debtor's bankruptcy filing—invalidating such "*ipso facto*" provisions.  11 U.S.C. § 365.  Section 365 of the Bankruptcy Code

17405451

also prohibits third parties from enforcing the terms of a contract against the Debtors absent court approval. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984). Third parties must thus continue to perform under executory contracts until they are assumed or rejected. *See In re El Paso Refinery, L.P.*, 196 B.R. 58, 72 (Bankr. W.D. Tex. 1996); *In re Calpine Corp.*, 2009 WL 1578282, at *6 (Bankr. S.D.N.Y. May 7, 2009). Bankruptcy courts have applied section 365(e)(1) liberally, such that provisions modifying or terminating the relationships of the contracting parties due to the filing of a bankruptcy case are "broadly unenforceable." *See In re Broadstripe, LLC*, 402 B.R. at 659; *In re Univ. Med. Ctr.*, 973 F.2d 1065, 1075 (3d Cir. 1992).

11.     Additionally, section 525 of the Bankruptcy Code prohibits governmental units from, among other things, denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, the Debtors solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases. 11 U.S.C. § 525(a); *see also In re Psychotherapy and Counseling Ctr., Inc.*, 195 B.R. 522, 533 (Bankr. D.C. 1996) (holding that the debtor's exclusion from a governmental program on account of its non-payment of a dischargeable debt would interfere with the debtor's breathing spell and fresh start); *In re Exquisito Servs., Inc.*, 823 F.2d 151, 155 (5th Cir. 1987) ("[T]he impetus behind section 525(a) is to prevent governmental units from frustrating the policies of the bankruptcy code by discriminating against persons seeking relief under that code.").

12.     Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) of the Bankruptcy Code therefore authorizes a bankruptcy court

17405451

to issue injunctions or take other necessary steps in aid of its jurisdiction.  *See, e.g.*, *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986); *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d Cir. 1988).  Such orders are appropriate where, as here, they are essential to the debtor's reorganization efforts and do not burden creditors.  *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994) (holding that, as courts of equity, bankruptcy courts are "empowered to invoke equitable principles to achieve fairness and justice in the reorganization process").

13.    The application of the protections afforded a debtor by sections 362, 365, and 525 of the Bankruptcy Code is automatic upon the filing of a chapter 11 petition.  *See* 11 U.S.C. § 362(a)(3) ("[A] petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of, [among other things,] any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]"); 11 U.S.C. § 365(a)(1) ("[A]ny right or obligation under [an executory contract or unexpired lease of the debtor] may not be terminated or modified, at any time after the commencement of the case solely because" of an *ipso facto* provision.); 11 U.S.C. § 525(a) ("[A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against [ . . . ] a person that is or has been a debtor under this title.").

14.    Despite the automatic effect of these statutes, however, non-U.S. creditors and shareholders unfamiliar with the Bankruptcy Code may attempt to proceed against the Debtors' property outside the United States even after the Debtors file voluntary petitions triggering the automatic relief provided under the Bankruptcy Code.  Such unilateral self-help, litigation, or collection actions could adversely impact the Debtors' ordinary course operations, thereby jeopardizing the Debtors' restructuring and resulting in irreparable harm to the estates and

7

interested parties.  Although the automatic stay, anti-discrimination provisions, and *ipso facto* protections are self-executing on the Petition Date, the Debtors believe that a Court order is necessary and appropriate to better enforce creditor compliance with the Bankruptcy Code.  To that end, the Debtors submit that service of the Notice in appropriate circumstances will advance the efficient administration of these chapter 11 cases.

15.    Granting the relief requested herein will better enable the Debtors to inform non-U.S. creditors and interested parties of debtor protections that may be unfamiliar to them.  It will help ensure that (i) parties to unexpired leases and executory contracts with the Debtors continue to perform their duties and obligations thereunder; (ii) creditors are less likely to seize the Debtors' assets or take other actions violating the automatic stay; and (iii) governmental units do not unfairly discriminate or take action against the Debtors in violation of the Bankruptcy Code.  The relief requested herein will facilitate the Debtors' orderly transition to chapter 11 and minimize the disruption of their businesses.

16.    Given the vulnerability of the Debtors' businesses and operations to immediate disruption if any party violates the automatic stay, the anti-discrimination provisions, or the *ipso facto* protections of the Bankruptcy Code, the Debtors seek authority to immediately serve or file the Notice substantially in the form attached hereto as Exhibit 1 to **Exhibit A**.

17.    Bankruptcy courts in this jurisdiction and others have entered similar orders restating and enforcing the protections set forth in sections 362, 365, and 525 of the Bankruptcy Code under comparable circumstances.  *See, e.g.*, *In re WOM S.A.*, Case No. 24-10628 (KBO) (Bankr. D. Del. Apr. 2, 2024) [Docket No. 72]; *In re Mallinckrodt PLC,* Case No. 23-1158 (JTD) (Bankr. D. Del. Aug. 30, 2023) [Docket No. 166]; *In re Lordstown Motors Corp.*, Case No. 23-10831 (MFW) (Bankr. D. Del. June 29, 2023) [Docket No. 78]; *In re Alto Maipo Delaware LLC*,

Case No. 21-11507 (KBO) (Bankr. D. Del. Aug. 11, 2021) [Docket No. 53].  Given the critical importance of ensuring the Debtors' operations are not undermined by noncompliance with U.S. bankruptcy law, similar relief is appropriate here.

## RESERVATION OF RIGHTS

18.     Nothing in the Proposed Order or this Motion:  (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any lien or claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

## NOTICE

19.     Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) the Debtors' twenty (20) largest unsecured creditors; (iii) counsel to the Debtors' Secured Lenders; (iv) the office of the attorney general for each of the states in which the Debtors operate; (v) the Office of the United States Attorney for the District of Delaware; (vi) the Internal Revenue Service; (vii) the United States Department of Justice; and (viii) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

17405451

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated:  July 6, 2025
Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Carl N. Kunz, III*                              
Carl N. Kunz, III (DE Bar No. 3201)
Jeffrey R. Waxman (DE Bar No. 4159)
Christopher M. Donnelly (DE Bar No. 7149)
Samantha L. Rodriguez (DE Bar No. 7524)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail:  ckunz@morrisjames.com
　　　　 jwaxman@morrisjames.com
　　　　 cdonnelly@morrisjames.com
　　　　 srodriguez@morrisjames.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

17405451