**<u>EXHIBIT A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*,[1] | Case No. 25-11280 (___) |
| Debtors. | (Jointly Administered) |
| | **Re:  Docket No. ____** |

### ORDER (I) CONFIRMING, RESTATING, AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion ("**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**") (i) confirming, restating, and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code, (ii) approving the form and manner of notice related thereto, substantially in the form attached as <u>Exhibit 1</u> to this order (the "**Notice**"), and (iii) granting related relief; and upon consideration of the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163).  For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)

and that the Debtors consent to entry of a final order under Article III of the United States

Constitution; and it appearing that proper and adequate notice of the Motion has been given under

the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other

or further notice is necessary; and after due deliberation thereon; and this Court having found that

the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause

appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.  Any objections or reservations of

rights filed in respect of the Motion are overruled with prejudice.

2.      Pursuant to, and to the extent set forth in section 362 of the Bankruptcy Code, the

commencement of these chapter 11 cases operates as a stay, applicable to all persons (including

individuals, partnerships, corporations, and other entities and all those acting on their behalf) and

all foreign and domestic governmental units (and all those acting on their behalf) of:

      a.      the commencement or continuation (including the issuance or employment of process) of any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of these chapter 11 cases or to recover a claim against the Debtors that arose before the commencement of these chapter 11 cases;

      b.      the enforcement, against the Debtors or against property of their estates, of a judgment obtained before the commencement of these chapter 11 cases;

      c.      any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of the estates;

      d.      any act to create, perfect, or enforce any lien against the property of the estates;

2

    e.    any act to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of these chapter 11 cases;

    f.    the setoff of any debt owing to the Debtors that arose before the commencement of these chapter 11 cases against any claim against the Debtors; and

    g.    the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period this Court may determine.

3.    Pursuant to and to the extent set forth in section 365(e) of the Bankruptcy Code, notwithstanding any provision in an executory contract or unexpired lease or any applicable law, any executory contracts or unexpired leases to which the Debtors are party or signatory may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of these chapter 11 cases because of a provision in such contract or lease that is conditioned on the (i) insolvency or financial condition of any or all of the Debtors or (ii) commencement of these chapter 11 cases.  Accordingly, all such counterparties are required to continue to perform their obligations under such leases and contracts during the postpetition period.

4.    This Order shall not affect the substantive rights of any party or any of the exceptions contained in section 362(b) and 365(e) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code or with respect to an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

5.    Pursuant to, and to the extent set forth in section 525 of the Bankruptcy Code, a foreign or domestic governmental unit may not deny, revoke, suspend, or refuse to renew any license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to any such grant against, the Debtors solely because the Debtors are

3

debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, are insolvent during the pendency of these chapter 11 cases, or have not paid a debt that is dischargeable in these chapter 11 cases.

6.      This Court retains jurisdiction to take appropriate remedial action against any persons that violate the relief granted herein outside of the United States, including, without limitation, (i) holding such persons in contempt; (ii) enjoining any such persons from further violations of the automatic stay or this Order; and/or (iii) issuing any appropriate sanctions that may be enforced against such persons' assets that are located in the United States or subject to the jurisdiction of the courts of the United States.

7.      The form of Notice, substantially in the form attached as **Exhibit 1** hereto, is approved.  The Debtors are authorized, but not directed, to serve the Notice upon creditors, governmental units, or other regulatory authorities, and/or interested or otherwise affected parties wherever located.

8.      The Debtors are authorized, but not directed, to cause the Motion, this Order, and the Notice to be translated into any language as the Debtors may deem necessary and appropriate to distribute such Motion, Order, and Notice.

9.      The Debtors are authorized, but not directed, to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

10.      Nothing contained in the Motion or this Order, nor any action taken pursuant thereto is intended to be or shall be construed as:  (i) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (ii) a waiver of the Debtors' rights to dispute any claim on any

4

grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (v) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (vi) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (viii) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

11.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

17405451

## **Exhibit 1**

**Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*, [1] | Case No. 25-11280 (___) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. ___** |

### NOTICE OF ORDER (I) CONFIRMING, RESTATING, AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on July 6, 2025 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), commencing the Debtors' chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). These chapter 11 cases are pending before the Honorable [●], United States Bankruptcy Judge, and are being jointly administered under the lead case of *In re My Job Matcher, Inc., et al.*, Case No. 25-11280 (___).

**PLEASE TAKE FURTHER NOTICE** that pursuant to, and to the extent set forth in, section 362(a) of the Bankruptcy Code, the commencement of these chapter 11 cases shall operate as a stay, applicable to all persons (including individuals, partnerships, corporations, and other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163). For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

entities and all those acting on their behalf) and all foreign and domestic governmental units (and those acting on their behalf) of:

      a.     the commencement or continuation (including the issuance or employment of process) of a judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of these chapter 11 cases or to recover a claim against the Debtors that arose before the commencement of these chapter 11 cases;

      b.     the enforcement, against the Debtors or against any property of their estates, of a judgment obtained before the commencement of these chapter 11 cases;

      c.     any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of the estates;

      d.     any act to create, perfect, or enforce any lien against the property of the estates;

      e.     any act to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of these chapter 11 cases;

      f.     the setoff of any debt owing to the Debtors that arose before the commencement of these chapter 11 cases against any claim against the Debtors; and

      g.     the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period the Court may determine.[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order (I) Confirming, Restating, and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* (the "**Order**") [Docket No. [●]], entered on July [●], 2025, and attached hereto as <u>**Exhibit A**</u>, interested or affected parties (including, without limitation,

---

[2]    Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff, or recoupment or any other claims of the Debtors against any party to the above-captioned cases.  The Debtors expressly reserve the right to contest any claims which may be asserted against the Debtors.

17405451

individuals, partnerships, corporations, and other entities and all those acting on their behalf), all persons party to an executory contract or unexpired lease with the Debtors, and all foreign and domestic governmental units (and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, any executory contracts or unexpired leases to which the Debtors are party or signatory may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of these chapter 11 cases because of a provision in such contract or lease that is conditioned on the (i) insolvency or financial condition of any or all of the Debtors or (ii) commencement of these chapter 11 cases.   Accordingly, all such counterparties are required to continue to perform their obligations under such leases and contracts during the postpetition period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, all foreign and domestic governmental units are prohibited and enjoined from (i) denying, revoking, suspending, or refusing to renew any license, permit, registration, charter, franchise, or other similar grant to; (ii) placing conditions upon such a grant to; or (iii) discriminating against any of the Debtors (or another person with whom the Debtors have been associated) solely because any of the Debtors is a debtor under the Bankruptcy Code, may have been insolvent before or during these chapter 11 cases, or has not paid a debt that is dischargeable in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert a claim, interest, cause of action, or other legal or equitable remedy against, or otherwise exercise any rights

3

in law or equity against any of the Debtors or their estates must do so in front of the Bankruptcy Court pursuant to the Order, the Bankruptcy Code, and applicable law.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and rule 9020 of the Federal Rules of Bankruptcy Procedure, among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Bankruptcy Court for failure to comply with the Order and applicable law, including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding these chapter 11 cases, including copies of pleadings filed therein, may be obtained by (i) reviewing the publicly available docket of these chapter 11 cases at http://www/deb.uscourts.gov (PACER login and password required); (ii) accessing the Debtors' publicly available website providing information regarding these chapter 11 cases, located online at https://cases.stretto.com/MyJobMatcher; or (iii) contacting the undersigned proposed counsel for the Debtors.

*[Remainder of Page Intentionally Left Blank]*

4

17405451

Dated: July __, 2025
      Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/*_____
Carl N. Kunz, III (DE Bar No. 3201)
Jeffrey R. Waxman (DE Bar No. 4159)
Christopher M. Donnelly (DE Bar No. 7149)
Samantha L. Rodriguez (DE Bar No. 7524)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com
      jwaxman@morrisjames.com
      cdonnelly@morrisjames.com
      srodriguez@morrisjames.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

17405451

**<u>EXHIBIT A</u>**

**Order**

17405451