IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*,[1] | Case No. 25-11280 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND
FINAL ORDERS (I) COMPELLING PERSONS HAVING POSSESSION,
CUSTODY, AND/OR CONTROL OF THE DEBTORS' RECORDS TO TURN
OVER RECORDS AND (II) GRANTING RELATED RELIEF**

The above-captioned affiliated debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of interim and final orders, substantially in the form attached hereto as Exhibit A (the "**Proposed Interim Order**") and Exhibit B (the "**Proposed Final Order**", and together with the Proposed Interim Order, the "**Proposed Orders**"), pursuant to sections 105(a), 541, and 542 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (a) compelling persons to turn over records in their possession, custody, and/or control relating to the Debtors' property, business operations, and financial affairs, and (b) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Robert J. Corliss in Support of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163). For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

17405511

*Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"), [2] filed contemporaneously herewith. In further support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a), 541, and 542 of the Bankruptcy Code and rules 6003 and 6004 of the Bankruptcy Rules.

## BACKGROUND

2. On the date hereof (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or an examiner.

3. Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the First Day Declaration.

---

[2] Each capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

17405511

**RELIEF REQUESTED**

4. The Debtors are a leading staffing and digital talent solutions company. As described in the First Day Declaration, Debtor My Job Matcher, Inc. is wholly owned by non-Debtor MJM Tech Ltd., which is located in the United Kingdom and controlled by the Debtors' former Chief Executive Officer. The Debtors do not have a centralized repository for their books and records. As such, the Debtors' documents are located in various locations, including, but not limited to, Scotland, New York, and Texas. Additionally, the Debtors believe that some of these records may be in the possession, custody, and/or under the control of non-Debtor third parties.

5. To maintain the integrity and security of the Debtors' corporate documents and to preserve the value of the Debtors' estates, the Debtors' current Chief Executive Officer (the "**Current CEO**") and employees require unfettered access to all the Debtors' recorded information, including but not limited to books, documents, records, papers, electronically stored information, email login credentials and other information necessary to access the Debtors' books and records relating to the Debtor's proprietary information, business operations, contracts and financial affairs (the "**Records**"), including but not limited to, any and all documents related to the Job.com platform. Without access to the Records, the Debtors cannot ensure the security of the Debtors' commercial information. In addition, to continue operations without disruption—thereby preserving and maximizing value for the estates—the Debtors must have access to all relevant information regarding their state-of-the-art recruitment technology, proprietary information, business operations, and finances. Without such information, the Debtors will incur substantial expense and delays in stabilizing their businesses, to the detriment of their estates.

6. Prior to the filing of these chapter 11 cases, the Debtors' management, including the Debtors' Former CEO and board members, were removed and replaced by independent

third-party professionals with extensive restructuring and other financial experience who could provide these chapter 11 cases with, among other things, transparency and accountability. The Debtors' new management team have been tasked with stabilizing the Debtors' business, assessing a marketing process for the sale of all or substantially all of the Debtors' assets, and supporting the Debtors' workforce during this time of transition. The Debtors will seek to work collaboratively with parties who may have possession, custody, and/or control of the Debtors' Records.

7. Accordingly, by this Motion, the Debtors request entry of the Proposed Order, pursuant to sections 105(a), 541, and 542 of title 11 of the Bankruptcy Code, compelling, parties in possession, custody, and/or control of the Debtors' Records to turn over and disclose to the Debtors the Records in their possession, custody, and/or control, as such Records are required to allow the Debtors, including the Current CEO, to carry out their duties in these chapter 11 cases.

## BASIS FOR RELIEF REQUESTED

8. Section 541(a) of the Bankruptcy Code provides that "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case" are included in the bankruptcy estate. 11 U.S.C. § 541(a).

9. Section 542(a) of the Bankruptcy Code requires that all property of a debtor's estate be delivered to the debtor. 11 U.S.C. § 542(a) (providing that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property.") A party seeking turnover has the burden of showing "(1) the property is in the possession, custody or control of another entity; (2) the property can be used in accordance with the provisions of [S]ection 363; and (3) the property has more than inconsequential value to the debtor's estate." *Welded Constr., L.P. v. The Williams Cos. (In re Welded Constr., L.P.)*, 609 B.R. 101, 125 (Bankr.

D. Del. 2019) (quoting *Zazzali v. Minert (In re DBSI)*, 468 B.R. 663, 669 (Bankr. D. Del. 2011)). An "action for turnover under § 542(a) requires that the information requested be property of the estate." *In re Am. Metrocomm Corp.*, 274 B.R. 641, 652 (Bankr. D. Del. 2002).

10. Each of these requirements are met here. First, the Records include all recorded information, including but not limited to books, documents, records, papers, electronically stored information, and emails relating to the Debtors and the operation of the Debtors' business, which represent property of the Debtors' estates. Second, the Debtors intend to use the Records to acquit their duties as debtors in possession in these chapter 11 cases, including filing the necessary schedules of financial affairs, statements of assets and liabilities, and other reporting required in these chapter 11 cases, support and inform a sale and marketing process for the Debtors' assets, and to continue operating in the ordinary course of business, all of which requires access to the Records. Finally, and most importantly, the Records have significant value to the Debtors and their estates. Among other things, the Debtors require access to the Records, which contain the critical information needed to preserve value of their estates and their assets, including, financial records, contracts, and proprietary information. Without access to the Records, the Debtors lack critical information necessary to preserving the value of the Debtors' estates.

11. Furthermore, section 542(e) does not limit the sources of information from whom records can be sought. The use of the disjunctive phrase "or other person" demonstrates that an estate representative can proceed under this provision to obtain documents from any person in possession of the subject records. "The legislative history of § 542(e) suggests that the provision was intended to deprive attorneys of the leverage acquired under state lien laws to receive full payment of professional fees over the debts of other creditors when the information is necessary to the administration of the estate." *In re Am. Metrocomm Corp.*, 274 B.R. 641, 652 (Bankr. D.

Del. 2002). However, if Congress intended to limit its scope to, for example, only attorneys and accountants, then it would have stopped after those terms. *See In re Irish Bank Resolution Corp. Ltd.*, 559 B.R. 627, 646–47 (Bankr. D. Del. 2016) (statute's use of the term "other person" cannot be read to mean only "professional"). Thus, it is entirely appropriate for the Debtors to pursue the turnover of the Records from those persons having possession, custody, and/or control of the Debtors' Records.

## THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

12.   As described above, the relief requested in this Motion is necessary to avoid immediate and irreparable harm, notably the loss or destruction of critical business and financial records. Accordingly, the Debtors submit they have satisfied the requirements of Bankruptcy Rule 6003.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

13.   To successfully implement the foregoing immediately and for the reasons set forth above, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen (14)-day stay under Bankruptcy Rule 6004(h), to the extent applicable.

## NOTICE

14.   Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' twenty (20) largest unsecured creditors; (iii) counsel to the Debtors' Secured Lenders; (iv) the office of the attorney general for each of the states in which the Debtors operate; (v) the Office of the United States Attorney for the District of Delaware; (vi) the Internal Revenue Service; (vii) the United States Department of Justice; (viii) the Required Persons, and (ix) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered

hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Orders, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:  July 6, 2025  
Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Carl N. Kunz, III*  
Carl N. Kunz, III (DE Bar No. 3201)  
Jeffrey R. Waxman (DE Bar No. 4159)  
Christopher M. Donnelly (DE Bar No. 7149)  
Samantha L. Rodriguez (DE Bar No. 7524)  
500 Delaware Avenue, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 888-6800  
Facsimile: (302) 571-1750  
E-mail:  ckunz@morrisjames.com  
          jwaxman@morrisjames.com  
          cdonnelly@morrisjames.com  
          srodriguez@morrisjames.com

*Proposed Counsel for Debtors and Debtors-in-Possession*