## EXHIBIT A

**Proposed Order**

17405511

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*,[1] | Case No. 25-11280 (___) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. ____ |

## INTERIM ORDER (I) COMPELLING PERSONS HAVING POSSESSION, CUSTODY, OR CONTROL OF THE DEBTORS' RECORDS TO TURN OVER RECORDS AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of interim and final orders (a) compelling turnover of the Debtors' Records which are in the possession, custody, and/or control of any non-Debtor party, and (b) granting related relief, all as more fully described in the Motion; and this Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and this Court having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that this Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and sufficient notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed and considered

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163). For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

17405511

2

the Motion and the First Day Declaration; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors and their estates; and upon the record herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED on an interim basis as set forth herein.

2.  A final hearing on the relief sought in the Motion shall be conducted on _____, 2025 at _____ (ET) (the "**Final Hearing**"). Any party objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon proposed counsel for the Debtors so as to be received no later than _____, 2025 at 4:00 p.m. (ET). If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

3.  Pursuant to, and to the extent set forth in, section 542(e) of the Bankruptcy Code, persons having possession, custody, and/or control of the Debtors' Records shall turn over such Records and disclose them to the Debtors' representatives and current employees, including the Debtors' Chief Executive Officer, Robert J. Corliss.

4.  Counsel for the Debtors shall effectuate service of this Order no later than three (3) business days after entry of this Order upon (a) persons believed to have possession, custody, and/or control of the Debtors' Records at their last known address—business or personal—by First Class mail; (b) persons believed to have possession, custody, and/or control of the Debtors' Records at their email address; (c) where applicable, counsel for persons believed to have possession, custody, or control of the Debtors' Records by overnight mail or email; or (d) by hand delivery.

3

5. The Records shall be produced to the Debtors no later than 11:59 p.m. (Eastern Daylight Time) on the date that is five (5) business days after service of this Order (the "**Turnover Deadline**"), or such other date and time as may be agreed by the Debtors and persons having possession, custody, and/or control of the Debtors' Records, pursuant to reasonable protocols for the secure transfer of electronic records to be agreed upon by and between counsel for the Debtors and persons having possession, custody, and/or control of the Debtors' Records before the Turnover Deadline.

6. The requirements of Bankruptcy Rule 6003(b) are satisfied.

7. Under the circumstances of these chapter 11 cases, notice of the motion is adequate under Bankruptcy Rule 6004(a).

8. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.