# **EXHIBIT C**

**Proposed Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*,[1] | Case No. 25-11280 (___) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. ___ |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 363(b), AND 364
OF THE BANKRUPTCY CODE, (A) AUTHORIZING (I) PAYMENT
OF PREPETITION OBLIGATIONS INCURRED IN THE ORDINARY COURSE
OF BUSINESS IN CONNECTION WITH INSURANCE PROGRAMS,
INCLUDING PAYMENT OF POLICY PREMIUMS AND BROKER FEES,
AND (II) CONTINUATION OF INSURANCE PREMIUM FINANCING
PROGRAMS; (B) AUTHORIZING BANKS TO HONOR AND PROCESS
CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO;
AND (III) SCHEDULING A FINAL HEARING**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), and 364 of the Bankruptcy Code, (a) authorizing, but not directing, the Debtors to (i) continue and, to the extent necessary, renew the Insurance Programs and pay policy premiums and broker fees arising thereunder or in connection therewith, including prepetition obligations arising in the ordinary course of business, and (ii) continue the Financed Insurance Programs and renew or enter into new premium financing programs, as necessary, under substantially similar terms, in the ordinary course of business, and (b) authorizing the Banks to

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163). For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

17405472

honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on _____, 2025 at _____ (ET) (the "**Final Hearing**"). Any party objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon proposed counsel for the Debtors so as to be received no later than _____, 2025 at 4:00 p.m. (ET). If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

3. The Debtors are authorized to maintain the Insurance Programs without interruption, and to renew, supplement, modify, or extend (including through obtaining "tail" coverage) the Insurance Programs, or enter into new insurance policies, and to incur and pay policy premiums and broker fees arising thereunder or in connection therewith, in accordance with the same practices and procedures as were in effect prior to the Petition Date.

17405472

4.      The Debtors are authorized, but not directed, in their discretion, to pay, honor, or otherwise satisfy premiums, claims, deductibles, retrospective adjustments, administrative fees, and any other obligations that were due and payable or related to the period prior to the Petition Date on account of the Insurance Programs up to an aggregate amount of $8,000; *provided* that the Debtors shall not pay any prepetition Broker Fees.

5.      The Debtors are authorized to (a) continue, in the ordinary course of business, the Financed Insurance Programs and the PFA, renew or enter into new premium financing programs, as necessary, under substantially similar terms, and (b) pay the installment payments under the Financed Insurance Programs and the PFA and any such new premium financing programs as the same become due in the ordinary course of business.

6.      The Banks are authorized, when requested by the Debtors in their discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations described herein, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks are also authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Motion.

7.      Nothing in this Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay any claim.

8. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

9. The requirements of Bankruptcy Rule 6003(b) are satisfied.

10. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

17405472