# EXHIBIT B

Redline

17419454/1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MY JOB MATCHER, INC., *et al.*,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-11280 (—–KBO)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 11** |

**AMENDED INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 363(b), 507(a)(4), AND 507(a)(5) OF THE BANKRUPTCY CODE, (A) AUTHORIZING THE DEBTORS TO PAY AND HONOR CERTAIN (I) PREPETITION WAGES, BENEFITS, AND OTHER COMPENSATION OBLIGATIONS; (II) PREPETITION EMPLOYEE BUSINESS EXPENSES; AND (III) WORKERS' COMPENSATION OBLIGATIONS; (B) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS; AND (C) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(4), and 507(a)(5) of the Bankruptcy Code, (a) authorizing, but not directing, the Debtors, in accordance with their stated policies and in their discretion, to pay, honor or otherwise satisfy the Employee Wages and Benefits, including amounts and obligations related to the period prior to the Petition Date, and (b) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163).  For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on ~~_____~~ July 28, 2025 at ~~_____~~ 2:00 p.m. (ET) (the "**Final Hearing**"). Any party objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon proposed counsel for the Debtors so as to be received no later than ~~_____~~ July 21, 2025 at 4:00 p.m. (ET). If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

3. Upon entry of this Order, the Debtors are authorized, in their discretion, to pay, honor, or otherwise satisfy amounts and obligations on account of the Employee Wages and Benefits in the ordinary course of their business, including, without limitation, any amounts and obligations related to the period prior to the Petition Date; *provided, however*, that: (a) no payment to any Employee on account of Unpaid Wages shall exceed, in the aggregate, the $17,150.00 statutory cap provided for under section 507(a)(4) of the Bankruptcy Code; (b) with respect to the Employee Wages and Benefits set forth in the table immediately below, the Debtors shall not pay any prepetition obligations on account of such Employee Wages and Benefits in excess of the

applicable amounts set forth therein, unless required by applicable state law; and (c) the Debtors shall not cash out any prepetition obligations on account of Paid Time Off unless applicable local, state, or federal law requires such cash-out payment.

| **Employee Wages and Benefits** | **Aggregate Amount** |
|---|---|
| Unpaid Wages | $155,000 |
| Unpaid Commissions | $1,500 |
| Employee Expenses | $5,000 |
| Wage Deductions | $10,000 |
| Trust Fund Taxes and Payroll Taxes | ~~$20,000~~ <br> $40,000 |
| Health Benefits | $30,000 |
| Paid Time Off | Unless required by applicable local, state, or federal law, no cash-out payments for accrued and unused Paid Time Off will be made. However, the Debtors intend to continue the Paid Time Off programs in the ordinary course of business. |
| 401(k) Plan | $5,000 |
| Life and AD&D Insurance and Disability Benefits | $9,000 |
| Workers' Compensation Program | $11,000 |

4. All objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

5. Subject to Paragraph 3 of this Order, the Debtors are authorized, in their discretion, in the ordinary course of their business, to (a) continue to pay, honor, or otherwise satisfy Unpaid Wages, Unpaid Commissions, Payroll Processor Fees, Employee Expenses, and Paid Time Off,

(b) withhold, and remit to the applicable third-parties, Wage Deductions, Trust Fund Taxes, and Payroll Taxes; and (c) administer the Employee Benefits and the Workers' Compensation Program.

6. The Debtors are authorized, but not directed, to continue the Workers' Compensation Program in the ordinary course of business and in accordance with the Debtors' prepetition policies and programs, and to pay any workers' compensation claims, deductibles, premiums, and other amounts required in connection with the Workers' Compensation Program as such amounts become due in the ordinary course during the pendency of these chapter 11 cases, regardless of when accrued.

7. The Banks shall be, and are, hereby authorized, when requested by the Debtors, to process, honor, pay, and, if necessary, reissue any and all checks or electronic funds transfers, including prepetition checks and electronic payment and transfer requests that the Debtors reissue or re-request postpetition, drawn on the Debtors' accounts, whether those checks were presented before or after the Petition Date, provided that sufficient funds are available in such accounts to make the payments.

8. The Banks may rely on the Debtors' representations with respect to whether any check or other transfer drawn or issued by the Debtors before the Petition Date should be honored pursuant to this Order, and the Banks shall not have any liability to any party for relying on such representations by the Debtors as provided for in this Order.

9. Nothing in this Order shall be deemed to authorize the payment of any amounts subject to section 503(c) of the Bankruptcy Code.

10. Nothing in this Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as

to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay any claim.

11. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12. The requirements of Bankruptcy Rule 6003(b) are satisfied.

13. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.