## EXHIBIT B

Redline Order

17419443/1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*,[1] | Case No. 25-11280 (——KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. **4** |

**ORDER (I) AUTHORIZING THE DEBTORS TO REDACT PERSONALLY
IDENTIFIABLE INFORMATION FOR CERTAIN INDIVIDUAL CREDITORS
AND PARTIES IN INTEREST; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing the Debtors to redact certain personally identifiable information in papers filed in the chapter 11 cases, including the Debtors' (a) Creditor Matrix and (b) the Schedules and Statements; and (ii) granting related relief; and upon the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and the Court having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163).  For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

17416820
17419243

being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and sufficient notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their estates; and upon the record herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED ~~on an interim basis~~ as set forth herein.

2. The Debtors are hereby authorized to redact the Personal Identification Information of individuals listed on the Creditor Matrix, the Schedules and Statements, and other documents that the Debtors file in the chapter 11 cases.  The Debtors shall provide, on a confidential basis, an unredacted version of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to this Order to the Court, the U.S. Trustee, and counsel to any official committee appointed in the chapter 11 cases.  The unredacted versions of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to this Order shall be filed under seal and shall not be made available to any other party without the consent of the Debtors or further order of this Court; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.

3. When serving any notice on the Debtors' current and former employees, customers, vendors, among others, the Debtors' proposed claims and noticing agent, Stretto Inc. and, where applicable, the Clerk of this Court, shall use the residential address of each such current and former employee, customer, vendor, or other party unless (i) the Debtors' books and records reflect a non-residential address for such party, or (ii) such party has requested to receive notice at another address.

4. The Debtors are authorized and empowered to take any and all actions necessary to effectuate the relief granted herein.

5. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

6. This Order shall be deemed entered on the docket of, and effective with respect to, any chapter 11 case filed after the entry of this Order that is jointly administered with the chapter 11 cases.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

~~17416820~~
17419243