IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*,[1] | Case No. 25-11280 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 3 |

**ORDER AUTHORIZING THE RETENTION
AND APPOINTMENT OF STRETTO, INC. AS CLAIMS
AND NOTICING AGENT, EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of an order (this "**Order**") appointing Stretto, Inc. ("**Stretto**") as claims and noticing agent (the "**Claims and Noticing Agent**"), pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(e) to, among other things, (a) distribute required notices to parties in interest, (b) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Chapter 11 Cases, and (c) provide such other administrative services, all as more fully set forth in the Application; and upon consideration of the First Day Declaration and the Betance Declaration; and the Debtors having estimated that there are in excess of 200 creditors in these Chapter 11 Cases; and it appearing that the receiving, docketing, and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163). For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

17406112

expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy, and transmit proofs of claim; and the Court being satisfied that Claims and Noticing Agent has the capability and experience to provide such services and that Claims and Noticing Agent does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented to the entry of a final order under Article III of the United States Constitution; and venue of this proceeding and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for hearing on the Application having been given; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. Notwithstanding the terms of the Engagement Agreement, attached hereto as **Exhibit 1**, the Application is approved solely as set forth in this Order.

2. The Debtors are authorized to retain and appoint Stretto as Claims and Noticing Agent, effective as of the Petition Date, under the terms of the Engagement Agreement as set forth in this Order, and Stretto is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and other related tasks as described in the Application.

3. Stretto shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases and is authorized and directed to maintain official claims registers for the Debtors, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Stretto is authorized and directed to provide an electronic interface for filing of proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

5. Stretto is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate Stretto in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the Services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its Services and reimbursement of its expenses.

7. Stretto shall maintain records of all Services showing dates, categories of Services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee appointed in these Chapter 11 Cases, and any party in interest who specifically requests service of the monthly invoices.

8. Notwithstanding anything to the contrary in the Application and Engagement Agreement, Stretto shall not assign the Engagement Agreement to any subsidiary, affiliate, or any other entity without further order of the Court, upon a motion on notice to the Debtors, the U.S. Trustee, any official committee appointed in the Chapter 11 Cases, and other parties in interest.

17406112

9. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Without further order of the Court, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Stretto under this Order shall be an administrative expense of the Debtors' estates.

11. Stretto may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and thereafter, Stretto may hold its advance under the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

12. The Debtors shall indemnify Stretto under the terms of the Engagement Agreement, as modified pursuant to this Order.

13. Stretto shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the Services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

14. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Stretto's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of Stretto's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (c) settled prior to a judicial determination under

(a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Stretto should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

15.   If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these Chapter 11 Cases, Stretto believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advance of defense costs, Stretto must file an application therefor in this Court, and the Debtors may not pay any such amounts to Stretto before the entry of an order by this Court approving the payment.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Stretto for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Stretto.  All parties in interest shall retain the right to object to any demand by Stretto for indemnification, contribution, or reimbursement.

16.   The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

17.   In the event Stretto is unable to provide the Services set out in this Order, Stretto will immediately notify the Clerk and the Debtors' counsel and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

18.   After entry of an order terminating Stretto's services, upon the closing of these cases, or for any other reason, Stretto shall be responsible for archiving all proofs of claim with

the Federal Archives Record Administration, if applicable, and transmitting to the Clerk all claims in an electronic format, if applicable and shall be compensated by the Debtors in connection therewith.

19. Stretto shall not cease providing claims processing services during the Chapter 11 Cases for any reason, including nonpayment, without an order of the Court.

20. In the event the Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code and if claims agent representation would be necessary in the converted chapter 7 case, Stretto shall continue to be paid in accordance with 28 U.S.C. § 156(c) under the terms set forth herein. Notwithstanding the foregoing and anything to the contrary in the Engagement Agreement, in the event that any of the Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, the chapter 7 trustee appointed to such case or cases shall have no obligation to continue the engagement of Stretto.

21. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by Stretto but is not specifically authorized by this Order.

22. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

23. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

25. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

26. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

27. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: July 8th, 2025  
Wilmington, Delaware

**KAREN B. OWENS**  
**CHIEF JUDGE**

17406112