## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*, [1] | Case No. 25-11280 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re:  Docket No. 8** |

### ORDER (I) CONFIRMING, RESTATING, AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion ("**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**") (i) confirming, restating, and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code, (ii) approving the form and manner of notice related thereto, substantially in the form attached as Exhibit 1 to this order (the "**Notice**"), and (iii) granting related relief; and upon consideration of the First Day Declaration; and upon the statements of counsel made in support of the relief requested in the Motion at the hearing before this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163).  For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

[2]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

17405451

these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)

and that the Debtors consent to entry of a final order under Article III of the United States

Constitution; and it appearing that proper and adequate notice of the Motion has been given under

the circumstances and in accordance with the Bankruptcy Rules and Local Rules and that no other

or further notice is necessary; and after due deliberation thereon; and this Court having found that

the relief herein is in the best interests of the Debtors' estates; and good and sufficient cause

appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.  Any objections or reservations of

rights filed in respect of the Motion are overruled with prejudice.

2.      Pursuant to, and to the extent set forth in section 362 of the Bankruptcy Code, the

commencement of these chapter 11 cases operates as a stay, applicable to all persons (including

individuals, partnerships, corporations, and other entities and all those acting on their behalf) and

all foreign and domestic governmental units (and all those acting on their behalf) of:

> a.    the commencement or continuation (including the issuance or employment of process) of any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of these chapter 11 cases or to recover a claim against the Debtors that arose before the commencement of these chapter 11 cases;

> b.    the enforcement, against the Debtors or against property of their estates, of a judgment obtained before the commencement of these chapter 11 cases;

> c.    any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of the estates;

> d.    any act to create, perfect, or enforce any lien against the property of the estates;

2

17405451

        e.        any act to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of these chapter 11 cases;

        f.        the setoff of any debt owing to the Debtors that arose before the commencement of these chapter 11 cases against any claim against the Debtors; and

        g.        the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period this Court may determine.

3.      Pursuant to and to the extent set forth in section 365(e) of the Bankruptcy Code, notwithstanding any provision in an executory contract or unexpired lease or any applicable law, any executory contracts or unexpired leases to which the Debtors are party or signatory may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of these chapter 11 cases because of a provision in such contract or lease that is conditioned on the (i) insolvency or financial condition of any or all of the Debtors or (ii) commencement of these chapter 11 cases. Accordingly, all such counterparties are required to continue to perform their obligations under such leases and contracts during the postpetition period.

4.      This Order shall not affect the substantive rights of any party or any of the exceptions contained in section 362(b) and 365(e) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code or with respect to an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

5.      Pursuant to, and to the extent set forth in section 525 of the Bankruptcy Code, a foreign or domestic governmental unit may not deny, revoke, suspend, or refuse to renew any license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to any such grant against, the Debtors solely because the Debtors are

17405451

debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, are insolvent during the pendency of these chapter 11 cases, or have not paid a debt that is dischargeable in these chapter 11 cases.

6.      This Court retains jurisdiction to take appropriate remedial action against any persons that violate the relief granted herein outside of the United States, including, without limitation, (i) holding such persons in contempt; (ii) enjoining any such persons from further violations of the automatic stay or this Order; and/or (iii) issuing any appropriate sanctions that may be enforced against such persons' assets that are located in the United States or subject to the jurisdiction of the courts of the United States.

7.      The form of Notice, substantially in the form attached as **<u>Exhibit 1</u>** hereto, is approved.  The Debtors are authorized, but not directed, to serve the Notice upon creditors, governmental units, or other regulatory authorities, and/or interested or otherwise affected parties wherever located.

8.      The Debtors are authorized, but not directed, to cause the Motion, this Order, and the Notice to be translated into any language as the Debtors may deem necessary and appropriate to distribute such Motion, Order, and Notice.

9.      The Debtors are authorized, but not directed, to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

10.     Nothing contained in the Motion or this Order, nor any action taken pursuant thereto is intended to be or shall be construed as:  (i) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (ii) a waiver of the Debtors' rights to dispute any claim on any

17405451

grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (v) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (vi) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (viii) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

11.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: July 8th, 2025**
**Wilmington, Delaware**

KAREN B. OWENS
CHIEF JUDGE

17405451