**Annex 1**

**Debtors' Stipulations**

After consultation with their attorneys and financial advisors, and without prejudice to the rights of other parties in interest, including any Committee, as set forth in paragraph 15 of the Interim Order to which this Annex 1 is annexed, the Debtors stipulate and agree as follows:

1. *Prepetition Credit Agreement.* On November 4, 2022, the Debtors entered into that certain Credit and Security Agreement (as amended, amended and restated, supplemented or otherwise modified from time to time through the date hereof, the "**Prepetition Credit Agreement**", and collectively with all other agreements, instruments and documents executed or delivered in connection therewith or otherwise evidencing or securing any Prepetition Secured Obligations (as defined below), each as may be amended, restated, supplemented, or otherwise modified from time to time (collectively, the "**Prepetition Credit Agreement Documents**"), by and among, *inter alia*, (a) My Job Matcher, Inc. (the "**Borrower**"), (b) Debtors Job.com-HV, Inc. (Delaware), Job.com-HV, Inc. (Florida), Job.com-Fortus, Inc., Job.com-Endevis, Inc., Princeton One-Job.com, Inc., Job.com-QCI, Inc., Princeton Search L.L.C., and other subsidiaries of Borrower from time to time party thereto as guarantors (collectively, the "**Guarantors**," and together with the Borrower, the "**Prepetition Credit Agreement Loan Parties**", (c) Ankura Trust Company, LLC, as administrative agent (in such capacity, together with any successor thereto, the "**Prepetition Credit Agreement Agent**"), and (d) Serengeti Multi-Series Master LLC-Series ARR, GT Partners Private Credit Finance LLC and GT Monterey Cypress Finance LLC (collectively, the "**Prepetition Lenders**," and together with the Prepetition Administrative Agent, collectively, the "**Prepetition Secured Parties**"), pursuant to which the Prepetition Credit Agreement Lenders provided senior secured term loans to the Borrower (the "**Prepetition Credit Agreement Loans**").

2. *Prepetition Secured Obligations*.  As of the Petition Date, the Prepetition Credit Agreement Loan Parties were indebted and liable to the Prepetition Secured Parties, without defense, counterclaim, or offset of any kind under the Prepetition Credit Agreement Loans, in an aggregate principal amount of not less than $43,696,175.88, plus any other accrued and accruing unpaid interest, fees and expenses owing thereunder (including legal fees and expenses) of whatever nature incurred in connection therewith which are chargeable or otherwise reimbursable under the applicable agreements or applicable law, including all loans, advances, debts, liabilities, principal, interest, fees, charges, expenses, and obligations for the performance of covenants, tasks, or duties or for the payment of monetary amounts owing to the Prepetition Secured Parties by the Borrower, of any kind or nature, whether or not evidenced by any note, agreement, or other instrument (collectively, the "**Prepetition Secured Obligations**").

3. *Prepetition Credit Agreement Guarantees*.  Pursuant to the Prepetition Credit Agreement Documents, the Guarantors unconditionally and irrevocably guaranteed, on a joint and several basis, each as a primary obligor and not merely as a surety, the repayment of Prepetition Secured Obligations to the Prepetition Credit Agreement Agent for the benefit of the Prepetition Secured Parties.

4. *Prepetition Credit Agreement Liens*. Pursuant to the Prepetition Credit Agreement Documents, the Prepetition Secured Obligations are secured by legal, valid, binding, perfected, enforceable and nonavoidable first priority security interests in and liens upon (the "**Prepetition Liens**") the Collateral (as defined in the Prepetition Credit Agreement and referred to in this Interim Order as the "**Prepetition Collateral**").

5. *Validity, Perfection and Priority of Prepetition Credit Agreement Liens and Prepetition Credit Agreement Obligations*.  The Debtors acknowledge and agree that as of the

Petition Date (a) the Prepetition Credit Agreement Liens on the Prepetition Collateral were valid, binding, enforceable, non-avoidable and properly perfected and were granted to, or for the benefit of, the Prepetition Secured Parties for fair consideration and reasonably equivalent value, (b) the Prepetition Credit Agreement Liens were senior in priority over any and all other liens on the Prepetition Collateral, subject only to Permitted Encumbrances (as defined in the Prepetition Credit Agreement Documents).  The Prepetition Secured Obligations constitute the legal, valid, binding and non-avoidable obligations of the Prepetition Credit Agreement Loan Parties, enforceable in accordance with the terms of the Prepetition Credit Agreement Documents.  No offsets, recoupments, challenges, objections, defenses, claims or counterclaims of any kind or nature to any of the Prepetition Liens or Prepetition Secured Obligations exist, and no portion of the Prepetition Liens or Prepetition Secured Obligations is subject to any challenge, defense, including avoidance, disallowance, disgorgement, recharacterization, or subordination (equitable or otherwise) pursuant to the Bankruptcy Code or appliable non-bankruptcy law.

      6. *No Challenges/Claims as to Prepetition Secured Parties*.  No claims or causes of action exist that are held by the Debtors or their estates against, or with respect to, any Prepetition Secured Party under the Prepetition Credit Agreement Documents. The Debtors and their estates have no valid Claims (as such term is defined in section 101(5) of the Bankruptcy Code), objections, challenges, causes of action, and/or choses in action against any of the Prepetition Secured Parties (solely in their capacities as such) or any of their respective affiliates, agents, attorneys, advisors, professionals, officers, directors, and employees (in each case in such respective capacity) with respect to the Prepetition Credit Agreement Documents, the Prepetition Secured Obligations, or the Prepetition Liens whether arising at law or at equity, including, without limitation, any challenge, recharacterization, subordination, avoidance, recovery, disallowance,

reduction, or other claims arising under or pursuant to sections 105, 502, 510, 541, 542 through 553, inclusive, or 558 of the Bankruptcy Code or applicable state law equivalents.

7. *Release of Prepetition Secured Parties*. Subject to (in addition to paragraph 15 of the Interim Order) entry of the Final Order, each Prepetition Credit Agreement Loan Party, on its own behalf and on behalf of each of its past, present and future predecessors, successors, heirs, subsidiaries, and assigns, hereby forever, unconditionally, permanently, and irrevocably releases, discharges, and acquits each of the Prepetition Secured Parties, and each of their respective successors, assigns, affiliates, parents, subsidiaries, partners, controlling persons, representatives, agents, attorneys, advisors, financial advisors, consultants, professionals, officers, directors, members, managers, shareholders, and employees, past, present and future, and their respective heirs, predecessors, successors and assigns (collectively, the "**Prepetition Secured Party Releasees**") of and from any and all claims, controversies, disputes, liabilities, obligations, demands, damages, expenses (including, without limitation, attorneys' fees), debts, liens, actions, and causes of action of any and every nature whatsoever, whether arising in law or otherwise, and whether known or unknown, matured or contingent, arising under, in connection with, or relating to the Prepetition Secured Obligations or the Prepetition Credit Agreement Documents, including, without limitation, (a) any so-called "lender liability" or equitable subordination claims or defenses, (b) any and all "claims" (as defined in the Bankruptcy Code) and causes of action arising under the Bankruptcy Code, and (c) any and all offsets, defenses, claims, counterclaims, set off rights, objections, challenges, causes of action, and/or choses in action of any kind or nature whatsoever, whether arising at law or in equity, including any recharacterization, recoupment, subordination, avoidance, or other claim or cause of action arising under or pursuant to section 105 or chapter 5 of the Bankruptcy Code or under any other similar provisions of applicable state,

federal, or foreign law, including, without limitation, any right to assert any disgorgement or recovery, in each case, with respect to the extent, amount, validity, enforceability, priority, security, and perfection of any of the Prepetition Secured Obligations, the Prepetition Credit Agreement Documents, or the Prepetition Liens, and further waive and release any defense, right of counterclaim, right of setoff, or deduction to the payment of the Prepetition Secured Obligations that the Debtors now have or may claim to have against the Prepetition Secured Party Releasees, arising under, in connection with, based upon, or related to any and all acts, omissions, conduct undertaken, or events occurring prior to entry of this Interim Order.