IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*,[1] | Case No. 25-11280 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: TBD**<br>**Objection Deadline: July 30, 2025 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 554(a) AUTHORIZING THE ABANDONMENT OF A CERTAIN CHEVROLET EQUINOX**

The above captioned debtors and debtors-in-possession (collectively, the "Debtors"), by its undersigned counsel, hereby moves (the "Motion") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to abandon a certain 2020 Chevrolet Equinox VIN 3GNAXTEV6LS514445 (the "Vehicle") pursuant to 11 U.S.C. § 554(a). In support thereof, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163). For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

17428836/2

District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 554(a) of the Bankruptcy Code, and Rule 6007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### I. General Background

4. On July 6, 2025 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, commencing these Chapter 11 cases (the "Chapter 11 Cases").

5. The Debtors continue in the possession of their property and has continued to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. Additional factual background regarding the Debtors, including their business operations, capital and debt structures and the events leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Robert J. Corliss in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 13] (the "First Day Declaration"),[2] which is fully incorporated herein by reference.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration as applicable.

2

17428836/2

**II.    Vehicle To Be Abandoned**

7.      As part of their ordinary course operations, the Debtors have historically owned and leased various assets that were necessary for their businesses, helped them manage their operations effectively, and allowed them to support their employees. Among these assets is a certain used 2020 Chevrolet Equinox that was purchased by Debtor Job.com-QCI, Inc. in August 2022.  It is the Debtors understanding that as of the Petition Date, the Vehicle is located in Grand Rapids, Michigan and in the possession of a former employee.

8.      The Debtors seek to abandon the Vehicle as it is of inconsequential value and the cost of removing and storing the Vehicle for future use, marketing, or sale exceeds its value to the Debtors' estates. Accordingly, to reduce postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of the Vehicle is appropriate and in the best interests of the Debtors, their estates, and their creditors.

9.      Moreover, the Debtors have communicated their intentions to abandon their interest in the vehicle to the co-borrower, and the current lienholder, GM Financial.

**RELIEF REQUESTED**

10.     By this Motion, the Debtors seek entry of an order, pursuant to 11 U.S.C. § 554(a), (i) authorizing the abandonment of the Vehicle, and (ii) granting related relief.

**BASIS FOR RELIEF**

11.     Under section 554(a) of the Bankruptcy Code, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). With certain limited exceptions, a debtor-in-possession has "all the rights . . . and powers . . . of a trustee serving in a case under this chapter," 11 U.S.C. § 1107(a), including the trustee's prerogative to abandon

property of the estate. Furthermore, "'[a]bandonment' requires affirmative action or some other evidence of intent by the trustee." *Stein v. United Artists Corp.*, 691 F.2d 885, 890 (9th Cir. 1982) (citations omitted).

12.     The power to abandon property of the estate is discretionary, and a "trustee [or debtor-in-possession] is afforded wide discretion in determining whether to abandon an estate asset." *In re Kneer*, 628 B.R. 205, 215 (Bankr. E.D. Pa. 2021) (quoting *In re Wilton Armetale, Inc.*, 618 B.R. 424, 433 (Bankr. E.D. Pa. 2020). Courts "will generally defer to the [t]rustee's [or debtor-in-possession's] judgment in determining whether to abandon a property." *In re Syntax-Brillian Corp.*, 2018 WL 3491758, at *15 (Bankr. D. Del. July 18, 2018) (quoting and following *In re Moore,* No. 15-10174, 2015 WL 5674430, *9 (Bankr. D.N.J. Sept. 25, 2015). Specifically, for such a decision to pass muster under section 554(a), a court need only find that the debtor-in-possession made (i) a business judgment, (ii) in good faith, (iii) upon some reasonable basis, and that (iv) such business judgement was within the debtor's scope of authority. *In re APP Winddown, LLC*, No. 16-12551 (BLS), 2019 Bankr. LEXIS 3790, at *10 (Bankr. D. Del. Dec. 16, 2019); *Syntax-Brillian Corp.*, 2018 WL 3491758, at *15 (citing to, and using the test articulated in, *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003), *aff'd*, 112 F. App'x 868 (3d Cir. 2004)).

13.     Courts generally give a debtor in possession great deference to its decision to abandon property. *See, e.g., In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters."). Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *Id.*

14.     The Debtors have determined, in their good faith business judgment, that the Vehicle serves no benefit and adds no value to the administration of the estates. Additionally, the

4

17428836/2

Debtors have no use for the Vehicle. An expeditious abandonment of the Vehicle will relieve the Debtors of any administrative burden associated with the Vehicle.

## WAIVER OF BANKRUPTCY RULE 6007

15. Among other things, Bankruptcy Rule 6007(a) requires that the Debtors serve a copy of this Motion, "[u]nless otherwise directed by the court" on "all creditors." Fed. R. Bank. Pro. 6007(a). The Debtors' creditor matrix contains over 1,500 parties. Accordingly, serving the Motion upon all such parties would be unnecessarily burdensome and costly. The Debtors will serve a copy of this Motion on the parties in interest set forth below and, therefore, request, to the extent required, a limited waiver of the service requirement set forth in Rule 6007. The Debtors submit that the requested waiver is appropriate and will properly and timely effectuate notice to the real parties in interest.

## NOTICE

16. A true and correct copy of this Motion, as well as the Notice filed concurrently therewith, will be given to: (i) the United States Trustee for the District of Delaware; (ii) the co-borrower, (iii) GM Financial; (iv) counsel for the Lenders, (v) counsel to the Official Committee of unsecured Creditors; and (iii) persons who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  July 16, 2025
Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Christopher M. Donnelly*
Carl N. Kunz, III (DE Bar No. 3201)
Jeffrey R. Waxman (DE Bar No. 4159)
Christopher M. Donnelly (DE Bar No. 7149)
Samantha L. Rodriguez (DE Bar No. 7524)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com
　　　　jwaxman@morrisjames.com
　　　　cdonnelly@morrisjames.com
　　　　srodriguez@morrisjames.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

17428836/2